2003 ND 35

**CITY OF JAMESTOWN, Plaintiff and Appellee,**

v.

**Paul TAHRAN, Defendant and Appellant.**

No. 20020238.

Supreme Court of North Dakota.

March 5, 2003.

Rehearing Denied March 26, 2003.

---

Paul Tahran, pro se, Jamestown, ND, defendant and appellant.

Leo A. Ryan, Assistant City Prosecutor, Jamestown, ND, for plaintiff and appellee.

NEUMANN, Justice.

[¶ 1] Paul Tahran appeals from the district court's judgment affirming his municipal court conviction for storage of junk. We affirm.

[¶ 2] In June 2001, neighbors complained to the Jamestown Police Department about trash and junk on Paul Tahran's property. An officer issued a notice to Tahran to clean up the trash and junk after discovering a vehicle without a license plate, railroad ties, hubcaps, and other items "strewn about" Tahran's property. Tahran told the officer he would take care of the items. On December 15, 2001, an officer was again dispatched to Tahran's residence because of similar complaints. Officers reported railroad ties, "parted-out" motorcycles, tires, hubcaps, and miscellaneous machinery and bicycle parts. Tahran told the officer he did not have time to take care of the items. On December 27, 2001, Paul Tahran was charged with storage of junk, a class B misdemeanor, by the City of Jamestown. Tahran pled not guilty in municipal court and was convicted of the violation. Tahran appealed to the district court. On August 22, 2002, the district court conducted a

second trial and affirmed the municipal court's conviction. Tahran appeals.

[¶ 3] Tahran argues he is not guilty of violating the City of Jamestown's ordinance because a city alderman and or a building inspector told his father the family could continue to run their business from their residential property and use the property to store and sell the "junk" despite a zoning change because their property was "grandfathered in."

[¶ 4] We will reverse a criminal conviction only if, after viewing the evidence and all evidentiary inferences favorable to the prosecution, no rational fact finder could have found the defendant guilty beyond a reasonable doubt. *State v. Greybull*, 1998 ND 102, ¶ 23, 579 N.W.2d 161. The task of weighing the evidence and judging the credibility of witnesses belongs exclusively to the trier of fact, and we do not reweigh credibility or resolve conflicts in the evidence. *State v. Fraser*, 2000 ND 53, ¶ 3, 608 N.W.2d 244.

[¶ 5] In the City of Jamestown, it is "unlawful for any person to store, or permit the storage or accumulation of trash, rubbish, junk, junk automobiles or abandoned vehicles on any private property in the city except within a completely enclosed building or upon the business premises of a duly licensed junk dealer." Jamestown City Code § 17–12. The City of Jamestown defines "junk" as "[p]arts of machinery or motor vehicles, unused furniture, stoves, refrigerators or other appliances, remnants of wood, metal or any other castoff material of any kind, whether or not the same could be put to any reasonable use." Jamestown City Code § 17–10. We note that in his brief and at oral argument, Tahran referred to Jamestown

City Code § 17–12 as a zoning ordinance. The plain language of the ordinance, however, indicates it is a criminal ordinance generally applicable throughout the City of Jamestown, and not a zoning ordinance.

[¶ 6] In the present case, Tahran neither disputes the sufficiency of evidence presented by the City of Jamestown nor does he argue the items found on his property do not fall within Jamestown's definition of "junk." Tahran instead argues he did not violate the ordinance because his father was told by city officials the business was "grandfathered in" and the family could therefore continue to store and sell the items on their property. The record, however, reveals Tahran presented no evidence to support this argument. At the second trial, Tahran was given the opportunity to testify, but declined. He raised the "grandfathering" argument in his closing statement without evidentiary support.[1] Reviewing the record evidence in a light most favorable to the City of Jamestown, we conclude a rational fact finder could find Tahran guilty of violating Jamestown's storage of junk ordinance beyond a reasonable doubt.

[¶ 7] The district court's judgment affirming the municipal court's conviction of Paul Tahran for the storage of junk is affirmed.

[¶ 8] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.

---

1. We do not hold today that a pre-existing nonconforming use is necessarily exempt from the application of a criminal statute of this nature; the fact that we address the argument does not mean we agree it is correct.