Filed 8/20/03 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2003 ND 137

State of North Dakota, Plaintiff and Appellee

v.

Milton Theodore Stoppleworth, Jr., Defendant and Appellant

Nos. 20020345 & 20020346

Appeals from the District Court of Stutsman County, Southeast Judicial District, the Honorable James M. Bekken, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Chief Justice.

Frederick Russell Fremgen, State’s Attorney, 511 2nd Avenue Southeast, Jamestown, N.D. 58401, for plaintiff and appellee.

Thomas John Glass, Kropp Law Offices, 105 10th Street Southeast, Jamestown, N.D. 58401-5549, for defendant and appellant.

State v. Stoppleworth

Nos. 20020345 & 20020346

VandeWalle, Chief Justice.

[¶1] Milton Stoppleworth appealed from a judgment of conviction entered upon a jury verdict finding him guilty of aggravated assault and reckless endangerment.  We affirm.

I

[¶2] At approximately 3:30 a.m. on February 12, 2002, Allen Buchanan arrived at the Jamestown Hospital emergency room with a slashed throat and a cut on his hand.  Buchanan initially refused to identify his attacker, telling a nurse and a police officer that he did not want to be labeled a “snitch” or a “narc.”  Later, however, Buchanan told the police officer and nurse that Milton Stoppleworth, the brother of Buchanan’s long-time girlfriend, had cut his throat.  He also told a friend who was present at the hospital that Stoppleworth had done it.  In interviews after being released from the hospital, Buchanan told a deputy sheriff and a detective that Stoppleworth had cut his throat.

[¶3] Stoppleworth was charged with attempted murder, aggravated assault, and reckless endangerment.  At the preliminary hearing, Buchanan testified he was too intoxicated the night of the incident to remember who had attacked him and he did not remember his statements to the police.  Stoppleworth filed a motion in limine seeking to exclude Buchanan’s statements identifying him as the assailant, arguing the statements were hearsay.  The trial court held the statements were prior statements of identification which are admissible under N.D.R.Ev. 801(d)(1)(iii).

[¶4] At trial, Buchanan testified he did not remember who had cut his throat and he did not remember identifying Stoppleworth as his attacker in prior statements at the hospital and to police.  The court admitted evidence of Buchanan’s statements identifying Stoppleworth as his attacker to law enforcement, the nurse, and the friend.  The court also admitted into evidence photographs taken at the hospital depicting Buchanan’s injuries.  The jury acquitted Stoppleworth on the attempted murder charge, but found him guilty of aggravated assault and reckless endangerment.

II

[¶5] Stoppleworth argues Buchanan’s out-of-court statements identifying Stoppleworth as his attacker were inadmissible under the hearsay rule, N.D.R.Ev. 802.

[¶6] In discussing this issue, we begin with the recognition the trial court has broad discretion in evidentiary matters, and we will not overturn a trial court’s decision to admit or exclude evidence unless the court abused its discretion.  
State v. Wiest
, 2001 ND 150, ¶ 9, 632 N.W.2d 812.  This abuse of discretion standard thus applies when reviewing a trial court’s evidentiary rulings under the hearsay rule.  
See
 
State v. Hirschkorn
, 2002 ND 36, ¶ 7, 640 N.W.2d 439.  A trial court abuses its discretion only when it acts in an arbitrary, unreasonable, or capricious manner, or misinterprets or misapplies the law.  
Wiest
, at ¶ 9.

[¶7] Hearsay is defined as “a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.”  N.D.R.Ev. 801(c).  However, the rule further identifies specific statements which are not hearsay:

(d) Statements Which Are Not Hearsay.  A statement is not hearsay if:

(1) 
Prior Statement by Witness
.  The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is . . . (iii) one of identification of a person made after perceiving the person . . . .

N.D.R.Ev. 801(d)(1)(iii).

[¶8] Courts construing identical versions of this rule, including Fed. R. Evid. 801(d)(1)(C), have concluded the rule allows admission of evidence of prior identification of an assailant when the witness or victim is unable or unwilling to identify the assailant at trial.  
See, e.g.
, 
United States v. Owens
, 484 U.S. 554, 561-64 (1988); 
United States v. Lopez
, 271 F.3d 472, 485 (3rd Cir. 2001); 
United States v. Anglin
, 169 F.3d 154, 159 (2nd Cir. 1999); 
United States v. O’Malley
, 796 F.2d 891, 899 (7th Cir. 1986); 
United States v. Elemy
, 656 F.2d 507, 508 (9th Cir. 1981); 
Lewis v. State
, 777 So.2d 452, 454 (Fla. Dist. Ct. App. 2001); 
Nance v. State
, 629 A.2d 633, 639-40 (Md. 1993); 
State v. Grover
, 780 P.2d 901, 905-07 (Wash. Ct. App. 1989).

[¶9] The United States Supreme Court explained the rationale for the rule in 
Owens
, 484 U.S. at 562-63:

The premise for Rule 801(d)(1)(C) was that, given adequate safeguards against suggestiveness, out-of-court identifications were generally preferable to courtroom identifications.  Advisory Committee’s Notes on Rule 801, 28 U. S. C. App., p. 717.  Thus, despite the traditional view that such statements were hearsay, the Advisory Committee believed that their use was to be fostered rather than discouraged.  Similarly, the House Report on the Rule noted that since, “[a]s time goes by, a witness’ memory will fade and his identification will become less reliable,” minimizing the barriers to admission of more contemporaneous identification is fairer to defendants and prevents “cases falling through because the witness can no longer recall the identity of the person he saw commit the crime.”  H. R. Rep. No. 94-

355, p. 3 (1975).  See also S. Rep. No. 94-199, p. 2 (1975).  To judge from the House and Senate Reports, Rule 801(d)(1)(C) was in part directed to the very problem here at issue: a memory loss that makes it impossible for the witness to provide an in-court identification or testify about details of the events underlying an earlier identification.

[¶10] Courts have also explained that the rule allows testimony by third persons about a witness’s prior identification when the witness is unable or refuses to identify the defendant at trial:

The reasons for admitting identification statements as substantive evidence are that out-of-court identifications are believed to be more reliable than those made under the suggestive conditions prevailing at trial, and the availability of the declarant for cross-examination eliminates the major danger of hearsay testimony.  
See
 Fed. R. Evid. Advisory Committee Note to rule 801(d)(1)(C); 
Gilbert v. California
, 388 U.S. 263, 272-73 n.3, 87 S.Ct. 1951, 1956-57 n.3, 18 L.Ed.2d 1178 (1967).  These reasons remain fully applicable when the person who testifies to the statement of identification is not the person who uttered it, so long as the latter also testifies and is available for cross-

examination.

. . . .

Our interpretation of the rule is supported by its legislative history.  That history indicates that Congress enacted the provision to remedy two perceived problems: (1) the typical situation where the witness’s memory no longer permits a current identification and he therefore can only testify as to his previous identification; and (2) the instance where before trial the witness identifies the defendant and then because of fear refuses to acknowledge his previous identification.  121 Cong.Rec. 31,-866-67 (Congressmen Hungate and Wiggins).  It is plain that in the second situation the witness’s prior identification can only be introduced into evidence by a third party who was present at the original identification.

Elemy
, 656 F.2d at 508; 
see also
 
Lopez
, 271 F.3d at 485; 
Nance
, 629 A.2d at 639-40; 
Grover
, 780 P.2d at 906.

[¶11] In this case, Buchanan testified at trial and was available for cross-

examination.  Accordingly, his prior statements identifying Stoppleworth as his assailant were not hearsay under N.D.R.Ev. 801(d)(1)(iii).  We conclude the trial court did not abuse its discretion in admitting evidence of Buchanan’s prior statements.

III

[¶12] Stoppleworth argues the trial court erred in admitting photographs depicting Buchanan’s injured neck and hand, arguing that the probative value of the photographs was substantially outweighed by the danger of unfair prejudice.

[¶13] We recently outlined the standard governing admissibility of photographs in 
State v. Klose
, 2003 ND 39, ¶¶ 28-29, 657 N.W.2d 276 (citations omitted):

Under N.D.R.Ev. 401, 402, and 403, a district court has broad discretion in admitting or excluding evidence.  We will reverse the district court’s decision in admitting evidence only if the court has abused its discretion by acting in an arbitrary, unconscionable, or unreasonable manner.  All relevant evidence is allowed; however, even relevant evidence may be excluded if “its probative value is substantially outweighed by the danger of unfair prejudice.”  N.D.R.Ev. 403.  A district court has broad discretion in deciding whether evidence is relevant or not relevant.  While N.D.R.Ev. 403 gives a district court the power to exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, that power should be sparingly exercised.

Photographs may be admitted in criminal trials, at the district court’s discretion, even if the photographs could have the additional effect of exciting the emotions of the jury. . . .  When photographs are relevant or aid a witness’s testimony, even gruesome pictures are admissible for the purpose of offering proper proof.

[¶14] Although the photographs in this case were somewhat graphic, they accurately depicted Buchanan’s injury.  We conclude the trial court did not abuse its discretion  in determining that the evidence was relevant and that its probative value was not substantially outweighed by the danger of unfair prejudice.

IV

[¶15] We have reviewed Stoppleworth’s remaining issues and arguments and find them to be without merit.  The judgment of conviction is affirmed.

[¶16] Gerald W. VandeWalle, C.J.

Dale V. Sandstrom

William A. Neumann

Mary Muehlen Maring

Carol Ronning Kapsner