2004 ND 44

**STATE of North Dakota, Plaintiff
and Appellee**

v.

**Michael Ray LEMONS, Defendant
and Appellant.**

No. 20030029.

Supreme Court of North Dakota.

Feb. 25, 2004.

William A. Mackenzie, Jamestown, N.D., submitted on brief.

H. Jean Delaney, Assistant State's Attorney, Valley City, N.D., submitted on brief.

NEUMANN, Justice.

[¶ 1] Michael Ray Lemons appeals from the trial court's criminal judgment and commitment finding him guilty of aggravated assault. Lemons also appeals from the trial court's subsequent denial of his motion for a new trial. After learning Lemons' witness was absent, the trial court denied Lemons' request for a continuance and alternative request to allow the witness to testify by telephone. The trial court further denied Lemons' motion for a new trial. Lemons also argues there was insufficient evidence to sustain his conviction. We affirm.

I

[¶ 2] Lauri Jutting, formerly married to Tracy Kleven, had a brief relationship with Michael Ray Lemons. Shortly after Jutting's relationship ended with Lemons, Kleven visited Jutting in Valley City, North Dakota. On April 30, 2002, Lemons encountered Kleven and Jutting in a local bar. There was no confrontation at the bar, and Kleven and Jutting returned home at the end of the evening. Lemons went to the home of J.R., a juvenile.

While at J.R.'s residence, Lemons telephoned Jutting. During the conversation, Jutting informed Lemons that he would need to come to her sister's home, where she was staying, if he wanted to speak with her. After the conversation ended, Jutting and Kleven retired for the evening.

[¶ 3] Several hours later, at approximately one o'clock in the morning of May 1, 2002, Kleven and Jutting were awakened by Lemons and J.R., who were outside the residence. Jutting went outside to speak with Lemons, and Kleven stepped outside shortly thereafter. A fight between Lemons and Kleven ensued. Whether Lemons initiated the altercation is disputed. Lemons asserts he was attempting to leave and Kleven was the initial aggressor, while Kleven recollects only that he and Lemons "got tangled up." J.R. and Jutting eventually became involved in the altercation. It is disputed whether they were attempting to separate Lemons and Kleven or join the brawl. Lemons alleged that, at some point during the dispute, Kleven and Jutting were both holding him down. Lemons claims this is the point in the altercation when he bit off a one-half inch portion of Kleven's nose. Kleven was taken to the hospital where he underwent reconstructive surgery the next day.

[¶ 4] Lemons was arrested for the assault and filed a speedy trial request on July 11, 2002. Lemons' jury trial began on October 3, 2002, within 90 days of his speedy trial request. Lemons intended to have J.R. testify on his behalf during the trial and on September 27, 2002, attempted to issue a subpoena for J.R.'s presence at trial. J.R., however, was no longer in North Dakota. Lemons did not become aware of J.R.'s absence until the second day of trial, October 4, 2002. Upon learning of J.R.'s absence, Lemons requested J.R. be allowed to testify by telephone.

Lemons' counsel had a telephone number for J.R.'s out-of-state location. The trial court denied Lemons' request. Lemons moved for a continuance to allow him time to procure J.R. The trial court denied the motion for a continuance. On October 4, 2002, a jury found Lemons guilty of aggravated assault.

[¶5] On October 15, 2002, Lemons moved for a new trial based on prosecutorial misconduct. In his motion, Lemons argued the State knew J.R. was unavailable and intentionally failed to disclose that information to Lemons. Lemons further argued the State had intentionally caused J.R.'s absence. Before the trial court conducted a hearing on the motion for a new trial, Lemons became satisfied that the State had not engaged in prosecutorial misconduct.

[¶6] Lemons pursued the motion for a new trial, arguing the trial court erred in denying his request for a continuance or by failing to allow J.R. to testify by telephone. Lemons argued the trial court should have allowed J.R.'s testimony because it would either exonerate Lemons or substantiate his claim of self-defense. At the hearing on the motion, J.R. testified Kleven was the initial aggressor. J.R. also testified he had given a written statement of the incident to his mother and instructed her to give the statement to Barnes County law enforcement. However, law enforcement never conducted a follow-up interview, and J.R. later testified that his mother never gave the statement to law enforcement. At the conclusion of the hearing, the trial court denied Lemons' motion for a new trial.

## II

[¶7] Lemons argues the evidence presented at trial is insufficient to sustain the guilty verdict and does not support Lemons' conviction for aggravated assault. "We will reverse a criminal conviction only if, after viewing the evidence and all evidentiary inferences favorable to the prosecution, no rational fact finder could have found the defendant guilty beyond a reasonable doubt." *City of Jamestown v. Tahran*, 2003 ND 35, ¶4, 657 N.W.2d 235. A rational fact-finder could have found Lemons guilty beyond a reasonable doubt, based on the evidence presented at trial. Therefore, we summarily affirm this issue under N.D.R.App.P. 35.1(a)(3).

## III

[¶8] Lemons argues the trial court abused its discretion in denying his motion to allow telephonic testimony, or, in the alternative, his motion for a continuance, based on J.R.'s absence. Lemons further argues the trial court's abuse of discretion denied his right to a fair trial. We disagree.

## A

[¶9] During the trial, Lemons' requested J.R. be allowed to testify by telephone. Lemons' counsel indicated that just prior to the request he had attempted to contact J.R. using a telephone number Lemons provided, but was unsuccessful. However, he thought another attempt might be successful. Lemons' counsel informed the trial court that, although he had not discussed "this matter," with J.R., he had attempted to subpoena him and had spoken with J.R.'s mother. Counsel also requested time to interview J.R. before testifying. The State objected based on the jury's inability to view the witness to ascertain his credibility. The trial court denied Lemons' motion.

[¶10] Under Rule 26, North Dakota Rules of Criminal Procedure, "[i]n all trials the testimony of witnesses shall be taken orally in open court, unless otherwise pro-

vided by statute or these rules." North Dakota case law does not address whether telephonic testimony may be admitted in a criminal trial. The civil rule equivalent, Rule 43, N.D.R.Civ.P., requires testimony be taken orally in open court, but allows for deviation from this requirement under certain circumstances if all parties agree.

[¶ 11] Because there is no precedent for such a practice in criminal trials and such testimony appears to possibly violate Rule 26, N.D.R.Crim.P., the trial court did not act arbitrarily, unreasonably, or capriciously in denying Lemons' request to allow J.R. to testify by telephone. Additionally, even if the extended provisions of the civil rule were deemed applicable in this case, there was no agreement between the parties because the State objected. Therefore, the trial court properly refused to allow J.R. to testify by telephone.

### B

[¶ 12] "A trial court has great latitude and discretion in conducting a trial." *State v. Erban*, 429 N.W.2d 408, 413 (N.D.1988). "A motion for a continuance . . . rests in the discretion of the trial court, and its decision will not be set aside on appeal absent an abuse of discretion." *State v. Entzi*, 2000 ND 148, ¶ 22, 615 N.W.2d 145. A trial court has broad discretion in determining evidentiary matters. *State v. Carlson*, 1997 ND 7, ¶ 8, 559 N.W.2d 802. "A trial court abuses its discretion only when it acts in an arbitrary, unreasonable, or capricious manner, or misinterprets or misapplies the law." *State v. Stoppleworth*, 2003 ND 137, ¶ 6, 667 N.W.2d 586.

[¶ 13] After the trial court denied Lemons' telephonic testimony request, Lemons moved for a continuance to allow time to procure J.R., asserting J.R.'s testimony was essential to Lemons' case and J.R. could provide exculpatory evidence.

The State objected, and the trial court denied Lemons' motion. Lemons' counsel failed to make an offer of proof as to the substance of J.R.'s testimony.

[¶ 14] This issue is not preserved for appeal, due to Lemons' failure to make an offer of proof regarding J.R.'s testimony. *See* N.D.R.Ev. 103(a)(2). " 'Error cannot be predicated upon a ruling which excludes evidence unless the party offering the evidence makes an offer of proof, or the substance of the evidence is apparent from the context in which the question was asked.' " *State v. Glass*, 2000 ND 212, ¶ 8, 620 N.W.2d 146 (quoting *State v. Jensen*, 2000 ND 28, ¶ 17, 606 N.W.2d 507 (citing N.D.R.Ev. 103)). The substance of the evidence is not demonstrated when Lemons' counsel stated only that J.R. would provide "credible exculpatory evidence." The trial court did not abuse its discretion in denying Lemons' motion for a continuance. *See Erban*, 429 N.W.2d at 413 (concluding no abuse of discretion when trial court denied a continuance when a subpoenaed witness could not be located and the defendant failed to advise the court of the expected content of the witness's testimony if called at trial); *see also Flattum-Riemers v. Peters-Riemers*, 2001 ND 121, ¶ 15, 630 N.W.2d 71 (holding no abuse of discretion when the moving party failed to make an offer of proof by showing "what the witness would testify to if present").

### C

[¶ 15] Even though Lemons failed to preserve this issue for appeal, we are still able to provide a limited review to determine whether the trial court committed obvious error affecting substantial rights. N.D.R.Crim.P. 52(b) (stating, "[o]bvious errors . . . may be noticed although they were not brought to the attention of the court"); *see Glass*, 2000 ND 212, ¶ 11, 620 N.W.2d 146. We may not

reverse unless the defendant shows "(1) error, (2) that is plain, and (3) affects substantial rights." *Glass,* at ¶ 11. A substantial right is affected if the obvious error was prejudicial or affected the outcome of the defendant's case. *Glass,* at ¶ 14. We review the entire record and determine "the probable effect of the alleged error in light of all the evidence." *Glass,* at ¶ 11.

 [¶ 16] At trial, Lemons, Kleven, and Jutting each testified about their recollection of the altercation between Kleven and Lemons. The evidence shows Lemons went to visit Jutting late at night after he had been drinking. Testimony and physical evidence show Lemons was larger than Kleven. A fight ensued between Lemons and Kleven. J.R. and Jutting became involved in the fight, although it is unclear as to whether they were attempting to separate Lemons and Kleven, or embroil themselves in the altercation. The jury also heard undisputed testimony that, eventually, Lemons and Kleven ended up on the ground, with Kleven on the ground underneath Lemons. The undisputed testimony also shows that while Lemons had Kleven underneath him on the ground, Lemons asked J.R. to kick Kleven. It is also undisputed that Lemons then bit off the end of Kleven's nose while still on top of him. Despite Lemons' claim that this act was inadvertent and he was acting in self-defense, the jury was able to observe all evidence and testimony and clearly concluded otherwise. The task of weighing evidence and assessing credibility is solely within the province of the jury. *State v. Bell,* 2002 ND 130, ¶ 25, 649 N.W.2d 243.

[¶ 17] Based on the evidence, we conclude a jury could have reasonably found Lemons guilty beyond a reasonable doubt. We will not presume exclusion of J.R.'s testimony would have affected the outcome or was prejudicial to Lemons. Lemons has not met his burden in demonstrating denial of a continuance affected his substantial rights and, as such, the trial court's denial was not obvious error.

## IV

 [¶ 18] Lemons argues the trial court abused its discretion in denying his motion for a new trial. We review a trial court's decision on a motion for a new trial under an abuse of discretion standard. *State v. Sievers,* 543 N.W.2d 491, 494 (N.D. 1996). We will not reverse a trial court's denial of a motion for a new trial absent an abuse of discretion. *Id.* "A trial court abuses its discretion only when it acts in an arbitrary, unreasonable, or capricious manner, or misinterprets or misapplies the law." *State v. Stoppleworth,* 2003 ND 137, ¶ 6, 667 N.W.2d 586.

### A

 [¶ 19] Lemons initially moved for a new trial based on alleged prosecutorial misconduct, under N.D.R.Crim.P. 33. Under Rule 33, "the court may grant a new trial to that defendant if the interests of justice so require." N.D.R.Crim.P. 33(a). Before a new trial may be granted, the "motion . . . must specify the alleged defects and errors with particularity." *Id.* Lemons properly raised the issue of prosecutorial misconduct, specifying the alleged defects and errors with particularity, in compliance with Rule 33(a). However, before the trial court conducted the hearing on Lemons' motion for a new trial, Lemons admits he became satisfied that, although the State knew J.R. was no longer in North Dakota, the State did not intentionally cause J.R.'s absence. Therefore, the issue of prosecutorial misconduct was abandoned by Lemons and was no longer before the trial court.

## B

[¶ 20] In his brief on appeal, Lemons fails to allege specific legal grounds as to his theory of the trial court's error in denying the motion for new trial. Lemons initially states the factual background regarding his prosecutorial misconduct allegation, and then proceeds into a discussion on J.R.'s appearance and testimony, without more. However, Lemons did identify "grounds alleged for the specific defect or error" in the "Facts" section of his brief on motion for a new trial by stating J.R. was a critical defense witness whose testimony would either exonerate Lemons or substantiate Lemons' claim of self-defense. In that brief, Lemons further noted the trial court's earlier denial of his requests for a continuance and telephonic testimony. Thus, we conclude Lemons is arguing the trial court abused its discretion in denying his motion for a continuance and request for telephonic testimony. Lemons properly raised this issue in compliance with Rule 33(a), North Dakota Rules of Criminal Procedure.

[¶ 21] At the January 13, 2003, hearing, J.R. testified as to his recollection of the altercation between Kleven and Lemons. J.R. testified Kleven was the initial aggressor. However, J.R. also testified Lemons had not been drinking during the evening, in contradiction to testimony given at trial. J.R. also testified Kleven was larger than Lemons, which also contradicts testimony and physical evidence submitted at trial. In addition, J.R.'s rendition of events is contradictory to trial testimony given by Lemons. The trial court observed J.R.'s testimony "was the opposite of everything we heard at trial," and denied Lemons' motion.

[¶ 22] Despite the contradictory testimony, Lemons argues the fact-finder, in this case, the jury, should have the opportunity to observe J.R.'s testimony in court and determine his credibility, in order to afford Lemons his right to a fair trial. We disagree.

[¶ 23] Lemons' motion for a new trial rested on his claim that J.R.'s testimony "would exonerate him or substantiate his claim of self defense." The trial court acted within its discretion in denying Lemons' motion. The trial court found the testimony was unsupported by any other trial testimony or evidence. J.R.'s testimony almost entirely failed to corroborate Lemons' testimony, neither exonerating Lemons nor substantiating Lemon's claim of self-defense. A new trial is appropriate, under Rule 33(a), N.D.R.Crim.P., "if the interests of justice so require." Lemons was not prejudiced by the exclusion of J.R.'s testimony and Lemons' conviction is supported by a sufficiency of the evidence. In this case, when a material defense witness is unavailable through no fault of either party, the trial court has the discretion to deny a motion for a new trial if the defendant fails to demonstrate prejudice. The trial court did not act arbitrarily, unreasonably, or capriciously in denying Lemons' motion for a new trial.

## V

[¶ 24] We do not determine any issues that could be considered to implicate Lemons' rights under the North Dakota Constitution or United States Constitution. While Lemons argues his right to a fair trial was denied, he did not adequately brief any such arguments. "A party raising a constitutional challenge should bring up the heavy artillery or forego the attack entirely." *State v. Backlund*, 2003 ND 184, ¶ 38, 672 N.W.2d 431.

## VI

[¶ 25] The trial court did not abuse its discretion in denying Lemons' motion for a continuance or request to allow a witness

to testify by telephone. Lemons' conviction is supported by sufficiency of the evidence. The trial court did not abuse its discretion in denying Lemons' motion for a new trial. Accordingly, we affirm.

[¶ 26] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.