2007 ND 99

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Nathan FEHL–HABER, Defendant and Appellant.**

No. 20060086.

Supreme Court of North Dakota.

June 26, 2007.

Cynthia M. Feland (argued), Assistant State's Attorney and Lloyd C. Suhr (on brief), Assistant State's Attorney, Bismarck ND, for plaintiff and appellee.

Kent M. Morrow (argued), Bismarck, ND, for defendant and appellant.

KAPSNER, Justice.

[¶ 1] Nathan Fehl–Haber appeals from a judgment entered after a jury verdict finding him guilty of gross sexual imposition. He also appeals from the district court's denial of his motion for a new trial. We affirm.

I

[¶ 2] In May 2005, Fehl–Haber and K.L.S., a seventeen-year-old female, attended a party in Bismarck. K.L.S. consumed alcohol, became intoxicated, vomited, and passed out. While she was unconscious, K.L.S. was moved from the bathroom to a bedroom. Later, L.H., another partygoer, saw Fehl–Haber leave the bedroom while pulling up and zipping his pants. L.H. went into the bedroom to check on K.L.S. and found her unclothed. K.L.S. only remembered someone being pulled from the bed she was in and someone yelling at Fehl–Haber to get out of the bed. While leaving the party, K.L.S. complained her groin area hurt. The next morning, K.L.S. was taken to a hospital to be examined for a possible sexual assault. A sexual assault nurse examiner (S.A.N.E.) concluded K.L.S. had been sexually assaulted.

[¶ 3] Fehl–Haber was charged with delivery of alcohol to a minor and gross sexual imposition. At trial, Fehl–Haber attempted to introduce L.H.'s written statement concerning her observations while at the party. The State objected. The court refused to allow the statement into evidence, informing Fehl–Haber's counsel that he could cross-examine L.H. concerning her statement. After a two-day trial, the jury received the case shortly after 12:30 p.m. At 4:20 p.m., the jury submitted a question to the court, asking whether "it [was] an option to be a hung [jury]." The court discussed how to respond to the question with counsel and Fehl–Haber on the record. The court informed counsel it intended to send a written response into the jury room asking the jurors to keep working to reach a decision. Neither the State nor the defense objected to the court's procedure. At 5:35 p.m., the jury asked another question: "How long do we go before we can call it a night [and]

can we order supper?" After another discussion with counsel on the record, the court again instructed the jury to keep working to reach a decision. The court also informed the jurors they would have a break at 6:00 p.m. to eat, after which they would return to continue deliberating. At 7:35 p.m., the jury returned a verdict of not guilty on the delivery of alcohol count, but a guilty verdict on the gross sexual imposition count.

[¶ 4] Fehl–Haber appealed. While the matter was pending on appeal, Fehl–Haber discovered the victim had made a similar allegation against another individual, Terry Pribyl, in July 2005. This information was not disclosed to him prior to his November 2005 trial. Fehl–Haber asked this Court to remand the case so he could file a motion for a new trial with the district court. While retaining jurisdiction over the pending appeal, this Court remanded the case for the limited purpose of deciding Fehl–Haber's motion for a new trial. Fehl–Haber's motion was based on newly discovered evidence, the State's failure to disclose the second allegation. Fehl–Haber claimed K.L.S.'s second accusation was relevant to her credibility. The district court denied the motion, finding the new evidence was non-exculpatory, irrelevant, immaterial, and would not likely have resulted in an acquittal. Fehl–Haber appealed, adding the court's denial of his motion for a new trial to his issues on appeal.

## II

[¶ 5] On appeal, Fehl–Haber argues the district court erred in excluding L.H.'s written statement; the court should have called the jury into court to discuss its written questions; and the evidence was insufficient to support the verdict. He also argues the district court erred in denying his motion for a new trial. We conclude the district court did not abuse its discretion in excluding L.H.'s written statement; the court's procedure to address the jury's questions did not rise to the level of obvious error under N.D.R.Crim.P. 52(b); there was sufficient evidence to support the verdict; and the district court did not abuse its discretion in denying Fehl–Haber's motion for a new trial.

## A

[¶ 6] Fehl–Haber argues the district court erred when it excluded a written statement L.H., another partygoer, made regarding the night in question. When Fehl–Haber sought to admit L.H.'s written statement as substantive evidence, the State objected, arguing the statement had been given to them with insufficient notice and the statement was barred under N.D.R.Ev. 412(a) as a statement involving K.L.S.'s alleged past sexual behavior. Fehl–Haber offered to redact any reference to K.L.S.'s sexual behavior before offering the statement. When asked about the purpose of admitting it, Fehl–Haber's attorney argued the statement was not intended to attack the victim's credibility, but rather to "allow the jury to see other statements such as even the next day K.L.S. didn't see the police which Nathan suggested to do, which I think is important as to whether a sexual event happened, whether she reported it." The district court excluded the written statement, telling Fehl–Haber's counsel he could question L.H. about the assertions she made in the statement.

[¶ 7] A district court has broad discretion in evidentiary matters, and its decision to admit or exclude evidence will not be overturned unless there has been an abuse of discretion. *State v. Jaster*, 2004 ND 223, ¶ 12, 690 N.W.2d 213. A district court abuses its discretion when it

acts in an arbitrary, unreasonable, or capricious manner, or when it misapplies the law. *Id.* Here, the district court did not abuse its discretion.

[¶8] The State called L.H. as a witness. Fehl–Haber was able to cross-examine L.H. about the assertions she made in the statement concerning K.L.S. and Fehl–Haber, but could not use L.H.'s written statement as substantive evidence. *See State v. Kelly,* 2001 ND 135, ¶23, 631 N.W.2d 167 (holding a prior inconsistent statement can be used for impeachment purposes, but may not be offered as substantive evidence unless the statement was made under oath); *State v. Demery,* 331 N.W.2d 7, 11–12 (N.D.1983) (same); *see also* N.D.R.Ev. 801(d)(1)(I).

[¶9] If L.H.'s testimony was inconsistent with her written statement, Fehl–Haber could use it to impeach her testimony under N.D.R.Ev. 613. Further, the State was not provided adequate notice of the defendant's intention to use the statement if it was offered to prove that someone other than the accused was the source of the sexual injury. *See* N.D.R.Ev. 412(b)-(c) (requiring the party intending to offer evidence to show that someone other than the defendant caused the sexual injury to file a written motion at least 14 days before trial). We conclude the district court did not abuse its discretion in excluding L.H.'s written statement.

B

[¶10] Fehl–Haber argues the failure to call the jury into open court to address its questions constitutes reversible error. On this record, his claim is without merit.

[¶11] A defendant has a right to be present in the courtroom at every stage of the trial. *State v. Parisien,* 2005 ND 152, ¶7, 703 N.W.2d 306. Section 29–22–05, N.D.C.C., governs the general procedure for addressing jury questions posed to the court after the jurors have retired for deliberation. Section 29–22–05 provides:

After the jurors have retired for deliberation, if they desire to be informed on a point of law arising in the cause, or to have any testimony about which they are in doubt or disagreement read to them, they, upon their request, must be conducted into the courtroom by the officer who has them in custody. Upon their being brought into court, the information required must be given in the presence of, or after notice to, the state's attorney and the defendant or the defendant's counsel, or after they have been called.

This Court has construed N.D.C.C. § 29–22–05 to require that "all communications with the jurors, after a case has been submitted to them, must be made in open court and in the presence of the defendant." *Parisien,* at ¶8; *see also State v. Klose,* 2003 ND 39, ¶¶32–34, 657 N.W.2d 276; *Hill v. State,* 2000 ND 143, ¶¶16–18, 615 N.W.2d 135; *State v. Ash,* 526 N.W.2d 473, 481 (N.D.1995); *State v. Zimmerman,* 524 N.W.2d 111, 117 (N.D.1994); *State v. Smuda,* 419 N.W.2d 166, 167 (N.D.1988); *State v. Hatch,* 346 N.W.2d 268, 277–78 (N.D.1984). This right, however, is not absolute. *Parisien,* at ¶8. It "may be waived by failing to object to the trial court's procedure in responding to the jury's request." *Id.*

[¶12] At trial, Fehl–Haber failed to object to the court's procedure when the jury submitted the written questions. As we stated in *Parisien:*

When a problem arises during a trial, the party affected must bring the irregularity to the trial court's attention and seek appropriate remedial relief, because issues not raised below, even con-

stitutional issues, generally will not be addressed on appeal unless the alleged error rises to the level of obvious error under N.D.R.Crim.P. 52(b). To establish obvious error, the defendant has the burden of establishing plain error that affects substantial rights. Only constitutional error that is "egregious" or "grave" is subject to the obvious error rule.

*Parisien,* at ¶ 17 (citations omitted).

[¶ 13] Unlike the *Parisien* case, the error here does not rise to the level of obvious error. Fehl–Haber failed to meet his burden. His essential claim is the jury should have been called into court so the judge could observe the effect of the "prolonged late-night deliberations" on the jurors. While the jury was kept after the normal working day, the jurors were informed they would be given a break at 6:00 p.m., after which they would return to continue deliberating. The jury returned its guilty verdict at 7:35 p.m. The jury in this case was not exposed to a prolonged late-night deliberation. Unlike *Parisien,* where the jury began to deliberate at 7:40 p.m. and returned a verdict at 2:19 a.m., the jury in this case was not required to deliberate late into the night. 2005 ND 152, ¶¶ 2–3, 703 N.W.2d 306. Also unlike *Parisien,* the defendant was present when the court considered how to respond to the jury's questions. *See id.* Fehl–Haber failed to object to the court's procedure to address the jury questions and failed to show how the court's procedure constituted plain error affecting his substantial rights. The court's procedure for responding to the jury's written questions does not amount to obvious error under N.D.R.Crim.P. 52(b). Fehl–Haber's claim is without merit.

C

[¶ 14] Fehl–Haber claims there was insufficient evidence to convict him because the evidence against him was circumstantial, inconclusive, and failed to exclude every reasonable hypothesis of his innocence. We conclude there was sufficient evidence to support Fehl–Haber's conviction.

[¶ 15] The standard of review for a challenge to the sufficiency of the evidence is clear. As we recently explained in *State v. Zahn:*

When we review a challenge to the sufficiency of the evidence, we only consider the evidence and reasonable inferences most favorable to the verdict to determine if there is sufficient evidence to warrant a conviction. *State v. Bertram,* 2006 ND 10, ¶ 5, 708 N.W.2d 913. " 'A conviction rests upon insufficient evidence only when, after reviewing the evidence in the light most favorable to the prosecution and giving the prosecution the benefit of all inferences reasonably to be drawn in its favor, no rational fact finder could find the defendant guilty beyond a reasonable doubt.' " *Id.* (quoting *State v. Noorlun,* 2005 ND 189, ¶ 20, 705 N.W.2d 819). We do not weigh conflicting evidence or judge witness credibility. *Bertram,* at ¶ 5.

*Zahn,* 2007 ND 2, ¶ 13, 725 N.W.2d 894 (quoting *State v. Buchholz,* 2006 ND 227, ¶ 20, 723 N.W.2d 534). On appeal, this Court assumes "the jury believed the evidence supporting the verdict and disbelieved any contrary evidence." *State v. Goebel,* 2007 ND 4, ¶ 32, 725 N.W.2d 578 (citing *State v. Laib,* 2005 ND 191, ¶ 6, 705 N.W.2d 815). A verdict may be supported by substantial evidence even though contrary evidence was presented. *See id.; see also State v. Krull,* 2005 ND 63, ¶ 14, 693 N.W.2d 631.

[¶ 16] In this case, several witnesses testified regarding what they saw at the party. While none actually observed

Fehl–Haber engaged in a sex act with K.L.S., a jury could reasonably conclude Fehl–Haber performed a sexual act on her while she was unconscious. K.L.S. testified she was passed out on the bed and awoke when people were yelling. She saw someone pulled from the bed. K.L.S. testified: "And then I kind of came to a little more. I realized that the yelling person was EB's dad yelling at Nathan to get out of the bed from next to me." She recognized Fehl–Haber as the man who was pulled from her bed. K.L.S. also testified her clothes had been removed after she was passed out.

[¶ 17] The next morning, K.L.S. went to a hospital for a sexual assault examination. The nurse examiner determined K.L.S. had been penetrated with an object, finger, or penis approximately 10–12 hours prior to the examination, which was consistent with the time of the alleged sexual assault. The nurse examiner had conducted at least 10,000 examinations in her career and conducted at least 16 forensic examinations since her S.A.N.E. certification. The nurse examiner concluded K.L.S. had been sexually assaulted based on her physical examination. L.H. testified she observed Fehl–Haber exiting the room where K.L.S. was sleeping. She said: "I heard a little bit of yelling from both [E.B.'s father] and Nathan and then I saw Nathan walking out of the room pulling up and zipping his pants...."

[¶ 18] A rational fact finder could find Fehl–Haber committed the crime. We conclude there was substantial evidence to support the jury verdict. Accordingly, Fehl–Haber's insufficiency of the evidence argument is without merit.

### III

[¶ 19] Fehl–Haber claims the court erred in denying his motion for a new trial. While the case was pending on appeal, Fehl–Haber learned the victim, K.L.S., had made a sexual assault allegation against another person, Terry Pribyl. This second assault allegedly occurred in July 2005, two months after the incident in this case. The existence of the second assault was not disclosed before Fehl–Haber's trial. Fehl–Haber claims this newly discovered evidence could have been used to challenge K.L.S.'s credibility, and it violated his due process right by failing to disclose exculpatory evidence. We conclude the trial court did not err in holding the evidence Fehl–Haber discovered after trial is immaterial and not likely to lead to an acquittal. As such, the district court did not abuse its discretion in denying Fehl–Haber's motion for a new trial.

[¶ 20] Under N.D.R.Crim.P. 33(a), a court can grant a motion for a new trial if the interest of justice so requires. To prevail on a motion for a new trial on the ground of newly discovered evidence, the defendant must show: "(1) the evidence was discovered after trial, (2) the failure to learn about the evidence at the time of trial was not the result of the defendant's lack of diligence, (3) the newly discovered evidence is material to the issues at trial, and (4) the weight and quality of the newly discovered evidence would likely result in an acquittal." *State v. Steinbach*, 1998 ND 18, ¶ 22, 575 N.W.2d 193; *State v. VanNatta*, 506 N.W.2d 63, 70 (N.D.1993). In pertinent part, N.D.R.Crim.P. 33 provides:

(a) Defendant's Motion. On the defendant's motion, the court may ... grant a new trial to that defendant if the interest of justice so requires. A motion for a new trial must specify the alleged defects and errors with particularity....

(b) Motions.

(1) Newly Discovered Evidence. Any motion ... based on newly discovered evidence must be filed within three

years after the verdict or finding of guilty and be supported by an affidavit.

(2) Other Grounds. Any motion for a new trial based on any reason other than newly discovered evidence must be filed within 10 days after the verdict or finding of guilty, or within such further time frame as the court sets during the 10–day period....

N.D.R.Crim.P. 33 (2006).[1] The denial of a motion for a new trial is reviewed under the abuse of discretion standard. *State v. Lemons*, 2004 ND 44, ¶ 18, 675 N.W.2d 148; *State v. Sievers*, 543 N.W.2d 491, 494 (N.D.1996). " 'A trial court abuses its discretion only when it acts in an arbitrary, unreasonable, or capricious manner, or misinterprets or misapplies the law.' " *Lemons*, at ¶ 18 (quoting *State v. Stoppleworth*, 2003 ND 137, ¶ 6, 667 N.W.2d 586).

[¶ 21] Fehl–Haber claims it was a discovery violation to fail to disclose the evidence, and the allegation was relevant with regard to the victim's credibility. The district court concluded Fehl–Haber had shown the evidence was obtained after trial, and it was not a result of a lack of the defendant's diligence. However, the court concluded K.L.S. was unconscious at the time the sexual act was performed on her, so her credibility was not in issue. The court also concluded the material was not exculpatory, so Fehl–Haber's due process rights were not violated.

[¶ 22] In support of his motion, Fehl–Haber submitted an affidavit of the man convicted based on K.L.S.'s July 2005 accusation, Terry Pribyl. Pribyl stated he worked with K.L.S., and she told other employees that she had acquired a sexually transmitted disease (STD) in May 2005. Fehl–Haber claims the fact that she told other employees she contracted a STD was material and relevant because "Fehl–Haber was unable to inquire either prior to trial or at trial as to the circumstances surrounding the acquisition of the STD." Fehl–Haber claims this evidence would have been admissible under an exception to N.D.R.Ev. 412.

[¶ 23] Contrary to Fehl–Haber's assertions, this evidence was not material or exculpatory. The alleged new evidence in this case did not warrant a new trial. Rule 412, N.D.R.Ev., generally precludes evidence offered to prove that the victim engaged in other sexual behavior or evidence offered to prove the victim's sexual predisposition. N.D.R.Ev. 412(a). There are limited exceptions to the rule, which allow a defendant to introduce evidence of "specific instances of sexual behavior by the alleged victim offered to prove that a person other than the accused was the source of semen, injury, or other physical evidence." N.D.R.Ev. 412(b)(1). However, the rule does not allow a general probing of K.L.S.'s sexual history. As such, unless Fehl–Haber's proposed inquiry fell within the very narrow exception to the general rule, the inquiry would be inadmissible under N.D.R.Ev. 412. Fehl–Haber acknowledged he deposed K.L.S. prior to the trial. Fehl–Haber has not demonstrated that this alleged new evidence would provide any new evidence not already available to him by deposition, which would be admissible under N.D.R.Ev. 412.

[¶ 24] Pribyl's factual assertions in his affidavit are mere generalities and are based entirely on hearsay. Pribyl simply repeated what "other employees" had gossiped. Fehl–Haber failed to provide any competent evidence K.L.S. actually ac-

---

1. Rule 33, N.D.R.Crim.P., was amended, effective March 1, 2007, to eliminate the requirement that the trial court decide a motion for extension of time within ten days. The amendment is inapplicable in Fehl–Haber's case.

quired a STD in May 2005, and he failed to present evidence that he did not have a STD. Assuming for the sake of argument the factual assertions in Pribyl's affidavit are true, the new information does not exculpate Fehl–Haber, as the crime for which he was committed occurred in May 2005, and Fehl–Haber offered no evidence that he could not be the source of the STD.

[¶ 25] The nurse examiner noted the sexual injury she observed when she examined K.L.S. was inconsistent with vaginitis or a STD. The nurse examiner testified K.L.S.'s vaginal redness was different than redness caused by vaginitis or a STD, where the "entire area of the vulva or posterior is shaded red and ex[c]oriates." The nurse examiner's testimony indicates an acquittal would not have been likely had evidence of a STD been offered at trial.

[¶ 26] Fehl–Haber has not established that his alleged evidence was material or likely to result in an acquittal. The district court did not abuse its discretion in denying Fehl–Haber's motion.

## IV

[¶ 27] The district court's judgment and order denying Fehl–Haber's motion for a new trial are affirmed.

[¶ 28] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.