**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Werner Wolfgang KUNKEL, Defendant and Appellant.**

**Criminal No. 950324.**

Supreme Court of North Dakota.

May 29, 1996.

Todd Daniel Burianek, Grafton, for defendant and appellant.

Lonnie Olson, State's Attorney, Devils Lake, for plaintiff and appellee.

MARING, Justice.

Werner Wolfgang Kunkel appeals from a criminal judgment entered upon a jury verdict finding him guilty of murdering Gilbert Fassett. We affirm.

Fassett's body was found in a wooded area on the Fort Totten Indian Reservation on August 10, 1986. Fassett had been stabbed more than 100 times. A variety of law enforcement agencies investigated Fassett's death, and in January 1995, the Ramsey County State's Attorney issued a criminal complaint charging Kunkel with Fassett's murder. In August 1995, a jury found Kunkel guilty of murder.

■ Kunkel appeals, arguing the state presented insufficient evidence to sustain the guilty verdict. He claims the verdict is unsupported by physical evidence or eyewitness testimony, and that the existing physical evidence points to his innocence.

Our standard of review is well established for cases in which a defendant challenges the sufficiency of the evidence to support a criminal conviction:

> "In reviewing the sufficiency of the evidence to convict, we look only to the evidence most favorable to the verdict and the reasonable inferences therefrom to see if there is substantial evidence to warrant a conviction. A conviction rests upon insufficient evidence only when no rational fact finder could have found the defendant guilty beyond a reasonable doubt after viewing the evidence in a light most favorable to the prosecution and giving the prosecution the benefit of all inferences reasonably to be drawn in its favor." *State v. Schill*, 406 N.W.2d 660, 660 (N.D. 1987) (citations omitted).

After reviewing the evidence in the record in the light most favorable to the verdict, we conclude the jury could reasonably have found the following facts: Kunkel and Fassett were together for a significant amount of time on August 1, 1986, the last day Fassett was seen alive; Fassett was carrying a great deal of money that day; when last seen alive around 10:30 p.m. on August 1, Fassett was with Kunkel; Kunkel was nervous and behaving strangely at the time; Fassett proba-

bly died sometime in the late evening of August 1 or early morning of August 2.

The record also shows that Kunkel made several admissions implicating himself in Fassett's killing. Christopher Anderson testified Kunkel showed him a ring that had belonged to Fassett, and said "You see this? You're going to get the same thing that Gilbert got." Mark Demarce testified that Kunkel admitted he killed and mutilated Fassett and dumped Fassett's body on the Fort Totten reservation. Sandra Austin testified that Kunkel admitted "stabbing [Fassett] over and over and over and over." Rodney Maier and Shelley Rutten testified that Kunkel admitted fighting with Fassett and said "the better man won." Nicholas Elston testified that Kunkel admitted stabbing Fassett with the help of a third person. Fred Nakken testified that Kunkel admitted holding Fassett while a third person stabbed Fassett.

Kunkel argues most of the evidence against him is circumstantial. He also claims the witness testimony detailing admissions he made is inconsistent and not credible. He insists the evidence against him does not support the jury's guilty verdict. A verdict based on circumstantial evidence, however, carries the same presumption of correctness as a verdict based on direct evidence, and we will not disturb it on appeal unless it is unwarranted. *State v. Breding*, 526 N.W.2d 465, 469 (N.D.1995). Furthermore, when we review the evidence to support a criminal conviction, "[w]e do not weigh conflicting evidence, nor do we judge the credibility of the witnesses; instead, we look only to the evidence and inferences most favorable to the verdict to ascertain if there is substantial evidence to warrant a conviction." *State v. Gonderman*, 531 N.W.2d 11, 16 (N.D.1995). We have held that circumstantial evidence of guilt, combined with admissions of guilt by the defendant, can be enough to support a guilty verdict. *See State v. Olson*, 290 N.W.2d 664, 674 (N.D.1980). Viewing the evidence in the record before us in the light most favorable to the verdict, we conclude there is substantial competent evidence to support the jury's verdict finding Kunkel guilty of murder.

Kunkel also argues the evidence does not support the jury's finding that Fassett's murder took place in Ramsey County. The trial court in Kunkel's case decided, essentially, that the location of the offense was an element of the crime and instructed the jury "before you can find the Defendant guilty of the offense of murder you must find by proof beyond a reasonable doubt that the death alleged in the Information or the injuries which caused the death were inflicted in Ramsey County, North Dakota." In its verdict, the jury found Kunkel "*GUILTY* of the crime of Murder of Gilbert Fassett in Ramsey County, North Dakota." Kunkel challenges this finding.

Under our law, "[p]rosecution of a crime is authorized in any county where part of the offense occurred." *State v. Martinsons*, 462 N.W.2d 458, 459 (N.D.1990); *see* N.D.C.C. § 29–03–04. Fassett's body was found in Benson County. There is evidence in the record, however, indicating that Fassett was killed in Ramsey County. Demarce testified that Kunkel admitted killing Fassett in front of a bar in Devil's Lake and dumping the body at the reservation. Austin testified that Kunkel admitted killing Fassett in the Lakewood Park area near Devil's Lake and transporting the body to dump it. Elston testified that Kunkel admitting killing Fassett in front of a bar in Devil's Lake. Nakken testified that Kunkel admitted killing Fassett and driving "out to Fort Totten to get rid of his body." Viewing the evidence in the record in the light most favorable to the prosecution, a rational fact finder could have found beyond a reasonable doubt that Fassett was killed or mortally injured in Ramsey County. Therefore, we conclude that substantial evidence supports the jury's finding that Kunkel murdered Fassett in Ramsey County.

We affirm the conviction.

VANDE WALLE, C.J., and NEUMANN, SANDSTROM and MESCHKE, JJ., concur.