2001 ND 150

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Mitchell J. WIEST, Defendant and Appellant.**

No. 20000306.

Supreme Court of North Dakota.

Aug. 29, 2001.

Cynthia Mae Feland, Assistant State's Attorney, Bismarck, for plaintiff and appellee.

Steven Balaban, Bismarck, for defendant and appellant.

KAPSNER, Justice.

[¶ 1] Mitchell Wiest has appealed a judgment of conviction entered on jury verdicts finding him guilty of continuous sexual abuse of a child and terrorizing. We affirm.

[¶ 2] Wiest was charged with three counts of continuous sexual abuse of a child and two counts of terrorizing. The State filed a pretrial motion "for an order allowing hearsay regarding child's statement about sexual abuse pursuant to rule 803(24), North Dakota Rules of Evidence." The motion stated, in part:

> In this case, the State intends to call the children, ages five (5), eight (8) and nine (9), to testify. However, in any case involving young children, there is always the possibility that the children will somehow be unable to testify and be deemed unavailable. Should any of the three children testify, but their testimony is unclear or not complete, or if any of the three children are impeached, the State intends to call Debbie O[ ]sowski, Shelly Russel[l], Officer Mike Roberdeau, Detective John McDonald ... to testify as to the children's statements about sexual abuse.

After a hearing, the trial court issued an order granting the motion:

> IT IS HEREBY ORDERED that the State's Motion to Allow Hearsay Regarding the Children's Statements About Sexual Abuse under Rule 803(24) is granted in so far as statements made to Debbie O[ ]sowski, Shelly Russel[l], Officer Mike Roberdeau, and John McDonald.[1]

[¶ 3] In her opening statement at trial, the prosecutor said the three children would testify and Osowski, Russell, Roberdeau, and McDonald would testify about statements made by the children. The three children allegedly abused by Wiest testified about the abuse at trial. Osowski, Russell, Roberdeau, and McDonald testified about what the children had said to them about the alleged abuse.

[¶ 4] The jury returned verdicts finding Wiest guilty of three counts of continuous sexual abuse of a child and two counts of terrorizing. Wiest was committed to the custody of the North Dakota Department of Corrections for 20 years on each of the sexual abuse counts and 5 years on each of the terrorizing counts, all to be served consecutively to each other. Wiest appealed from the judgment of conviction.

---

1. Osowski is a forensic interviewer at Medcenter One, Russell is a pediatric physician who examined the children, Roberdeau is a police officer, and McDonald is a detective.

[¶ 5] On appeal, Wiest contends "the Trial Court abused its discretion in admitting the cumulative hearsay testimony of the medical professionals and law enforcement."

[¶ 6] Wiest did not object to the testimony by Osowski, Russell, Roberdeau, and McDonald about what the children said to them.[2] Because Wiest did not object to the testimony at trial, our inquiry is limited to determining if its admission into evidence constitutes obvious error affecting substantial rights. *E.g., State v. Burke*, 2000 ND 25, ¶ 16, 606 N.W.2d 108. "We cautiously exercise our power to notice obvious error only in exceptional situations in which a defendant has suffered serious injustice." *State v. Freed*, 1999 ND 185, ¶ 14, 599 N.W.2d 858. This is not such a case. *Id.*

[¶ 7] Rule 803, N.D.R.Ev., provides, in part:

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
>
> . . . .
>
> (24) Child's Statement About Sexual Abuse. An out-of-court statement by a child under the age of 12 years about sexual abuse of that child or witnessed by that child is admissible as evidence (when not otherwise admissible under another hearsay exception) if:
>
> (a) The trial court finds, after hearing upon notice in advance of the trial of the sexual abuse issue, that the time, content, and circumstances of the statement provide sufficient guarantees of trustworthiness; and
>
> (b) The child either:
>
> (i) Testifies at the proceedings; or

(ii) Is unavailable as a witness and there is corroborative evidence of the act which is the subject of the statement.

The provision was adopted in 1990, and was "modeled in part after the Colorado and Utah statutes on a child victim's out-of-court statement regarding sexual abuse." Explanatory Note, N.D.R.Ev. 803. The Colorado Court of Appeals has observed that the Colorado statute was enacted "to balance the interests of a person accused of sexual abuse of a child and the interests of the truth-seeking process." *McPeck v. Colorado Dep't of Soc. Servs.*, 919 P.2d 942, 945 (Colo.Ct.App.1996).

[¶ 8] The statements testified to at trial were statements made by children under the age of 12 years about sexual abuse of each of them or witnessed by them. All three children testified at the trial. In *State v. Messner*, 1998 ND 151, ¶ 15, 583 N.W.2d 109, we said the factors for consideration in assessing the admissibility under N.D.R.Ev. 803(24) of a child's statement about sexual abuse "include spontaneity and consistent repetition, the mental state of the declarant, the use of terminology unexpected of a child of similar age, and a lack of a motive to fabricate." Such factors "relate to whether the child declarant was particularly likely to be telling the truth when the statement was made." *Idaho v. Wright*, 497 U.S. 805, 822, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990). In ruling on the State's motion, the trial court specifically referred to *State v. Messner* in determining the State had met its burden of establishing sufficient guarantees of trustworthiness. We conclude the trial court did not err in ruling the children's statements were admissible under N.D.R.Ev. 803(24) through testimo-

---

2. Wiest's appellate counsel did not try the case. New counsel on appeal is limited to the issues raised in the district court. *State v.*

*Zimmerman*, 524 N.W.2d 111, 116 (N.D. 1994); *State v. Berlin*, 1999 ND App 1, ¶ 10, 588 N.W.2d 866.

ny by Osowski, Russell, Roberdeau, and McDonald, and, thus, did not commit obvious error.

[¶ 9] Rule 403, N.D.R.Ev., provides:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

"All relevant evidence is generally admissible under N.D.R.Evid. 402, but relevant evidence may be excluded under N.D.R.Evid. 403 if its probative value is substantially outweighed by the danger of unfairly prejudicing the defendant." *State v. Klein*, 1999 ND 76, ¶ 5, 593 N.W.2d 325. A trial court has broad discretion in evidentiary matters, and we will not overturn a trial court's decision to admit or exclude evidence unless the court abuses its discretion. *State v. Erickstad*, 2000 ND 202, ¶ 34, 620 N.W.2d 136. "A trial court abuses its discretion only when it acts in an arbitrary, unreasonable, or capricious manner, or misinterprets or misapplies the law." *Id.*

[¶ 10] Rule 803(24), N.D.R.Ev., contemplates there will be instances when a child testifies and other witnesses testify about the child's out-of-court statements to them, as the rule "specifically provides that a child's out-of-court statements regarding sexual abuse are admissible when the child testifies at trial." *People v. Williams*, 899 P.2d 306, 311 (Colo.Ct.App.1995). The *Williams* court rejected the defendant's argument a child's out-of-court statements were inadmissible because they were cumulative and unduly prejudicial, noting "admission of cumulative evidence" and "balancing of probative value against the prejudicial effect of such evidence" under CRE 403 is within the trial court's discretion. *Id.* "Cumulative testimony is by definition testimony that would not make a significant contribution to proof of a fact." *State v. Schindele*, 540 N.W.2d 139, 142 (N.D.1995). The "mere repetition" of a child's out-of-court statements "does not make them unduly prejudicial." *People v. Salas*, 902 P.2d 398, 401 (Colo.App.1994). "The power to exclude evidence under N.D.R.Evid. 403 should be 'sparingly exercised.'" *State v. Klein*, 1999 ND 76, ¶ 5, 593 N.W.2d 325 (quoting *State v. Ash*, 526 N.W.2d 473, 477 (N.D. 1995)). From our review of the record, we conclude the trial court did not abuse its discretion in admitting the testimony of medical professionals and law enforcement officers about the childrens' statements about sexual abuse, and, therefore, did not commit obvious error.

[¶ 11] Affirmed.

[¶ 12] VANDE WALLE, C.J., and SANDSTROM, NEUMANN, and MARING, JJ., concur.