2003 ND 180

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Daniel Joseph KNOWELS, Defendant and Appellant.**

**No. 20030093.**

Supreme Court of North Dakota.

Dec. 2, 2003.

Steven James Simonson of Autrey, Simonson, Christensen, P.C., Grand Forks, for defendant and appellant; submitted on brief.

David Thomas Jones, Assistant State's Attorney, Grand Forks, for plaintiff and appellee; submitted on brief.

NEUMANN, Justice.

[¶ 1] Daniel Joseph Knowels appeals from a judgment of conviction entered upon a jury verdict finding him guilty of driving under the influence of alcohol under N.D.C.C. § 39–08–01. After the close of the State's case-in-chief, Knowels moved for a judgment of acquittal[1] under N.D.R.Crim.P. 29, based on insufficient evidence. The trial court denied the motion and Knowels then presented his defense. Before submitting the case to the jury, Knowels again moved for a judgment of acquittal under N.D.R.Crim.P. 29, based on insufficient evidence. The trial court denied the motion and submitted the case to the jury. On appeal, Knowels argues there is insufficient evidence to sustain his conviction. Concluding there was sufficient evidence to support Knowels' conviction, we affirm.

I

[¶ 2] Knowels was arrested for driving under the influence of alcohol on June 19, 2002, in Emerado, North Dakota. On the night of June 19, 2002, Knowels borrowed a vehicle from his coworker and roommate, Marty Erickson. Chief of Police Tim Gillespie noticed Knowels' vehicle drift into the oncoming lane of traffic and continue to weave. Chief Gillespie stopped Knowels for erratic driving. Chief Gillespie noted Knowels had balance problems, bloodshot eyes, slurred speech, and smelled of alcohol. Alcohol was discovered in Knowels' vehicle and Chief Gillespie confirmed an alcohol smell was emanating from the vehicle's interior. Knowels testified he had poor balance because of an injured back and broken rib and his eyes were possibly bloodshot because he had recently awoken from a long sleep. He also admitted he had been drinking earlier that afternoon, but had not had a beer since approximately 2:30 p.m. Erickson testified that Knowels had a few beers, slept for several hours, awoke, ate dinner, and went back to sleep. Knowels eventually left his home at 10:30 p.m. Erickson testified Knowels did not have slurred speech or bloodshot eyes at the time he left and did not take beer with him, nor did he drink during dinner. Erickson also claimed the open containers found in the vehicle most likely belonged to him.

---

1. Knowels initially moved "for a directed verdict acquitting the defendant" and later moved "for a directed verdict under Rule 29." Under N.D.R.Crim.P. 29(a), the proper terminology is "motion for judgment of acquittal." However, this Court treats a motion to direct a verdict as a motion for a judgment of acquittal under Rule 29. *State v. Himmerick*, 499 N.W.2d 568, 571 n. 1 (N.D.1993) (citing *State v. Holy Bull*, 238 N.W.2d 52, 54 n. 2 (N.D.1975)).

[¶ 3]   Knowels refused all field sobriety tests. Chief Gillespie informed Knowels of the implied consent warnings, and Knowels agreed to a preliminary breath test. According to Chief Gillespie, Knowels failed to blow into the machine as instructed and did not provide a sufficient sample, possibly making the results questionable. No formal chemical testing measuring Knowels' blood-alcohol content was performed. Knowels refused to submit to a blood test, but argues he made numerous requests for a breath test. Knowels was transported to the hospital, where he refused medical treatment for his alleged injuries.

[¶ 4]   A jury trial was held on March 25, 2003. Because no chemical test was conducted, the only evidence of Knowels' intoxication was Chief Gillespie's testimony recounting his observations of Knowels during the traffic stop and subsequent arrest. The jury convicted Knowels of driving under the influence of alcohol, in violation of N.D.C.C. § 39–08–01.

## II

[¶ 5]   On appeal, Knowels argues there is insufficient evidence to convict him, primarily because there was no chemical analysis of his blood-alcohol content, aside from the preliminary breath test.

[¶ 6]   Our standard of review is well established for cases in which a defendant challenges the sufficiency of the evidence to support a criminal conviction:

> "In reviewing the sufficiency of the evidence to convict, we look only to the evidence most favorable to the verdict and the reasonable inferences therefrom to see if there is substantial evidence to

warrant a conviction. A conviction rests upon insufficient evidence only when no rational fact finder could have found the defendant guilty beyond a reasonable doubt after viewing the evidence in a light most favorable to the prosecution and giving the prosecution the benefit of all inferences reasonably to be drawn in its favor." *State v. Kunkel,* 548 N.W.2d 773, 773 (N.D.1996) (quoting *State v. Schill,* 406 N.W.2d 660, 660 (N.D.1987) (citations omitted)).

[¶ 7]   Under North Dakota law, a person may be convicted for driving under the influence in one of two ways. Section 39–08–01(1)(a) (1997), N.D.C.C.,[2] sets forth a per se violation, stating that a person may not drive a vehicle if "that person has an alcohol concentration of at least ten one-hundreths of one percent by weight at the time of the performance of a chemical test within two hours after the driving ... of a vehicle." A person may also not drive a vehicle "under the influence of intoxicating liquor." N.D.C.C. § 39–08–01(1)(b).

[¶ 8]   North Dakota law does not require a chemical test to convict under N.D.C.C. § 39–08–01(1)(b). *State v. Whitney,* 377 N.W.2d 132, 133 (N.D.1985) (citing *State v. Kimball,* 361 N.W.2d 601 (N.D.1985); *State v. Gawryluk,* 351 N.W.2d 94 (N.D.1984); *State v. Kisse,* 351 N.W.2d 97 (1984)). "[T]he crime created by subsection (1)(b) is driving while under the influence of intoxicating liquor, regardless of the driver's blood alcohol concentration." *State v. Schwab,* 2003 ND 119, ¶ 8, 665 N.W.2d 52 (citing *City of Minot v. Bjelland,* 452 N.W.2d 348, 350 (N.D.1990)). Rather, the State must prove "the defen-

---

**2.** The North Dakota Legislative Assembly amended N.D.C.C. § 39–08–01(1)(a) in 2003. Effective August 1, 2003, it is now a per se violation for a person to drive a vehicle if "[t]hat person has an alcohol concentration of at least ~~ten~~ *eight* one-hundreths of one percent by weight at the time of the performance of the chemical test ..." 2003 N.D. Sess. Laws ch. 316, § 2.

dant, while driving a motor vehicle on a public way lacked 'the clearness of intellect and control of himself that he would otherwise have.' " *Whitney*, 377 N.W.2d at 133 (quoting *State v. Halvorson*, 340 N.W.2d 176, 178 (N.D.1983)).

[¶ 9] After reviewing the evidence in the light most favorable to the verdict, we conclude the jury could reasonably have found Knowels was operating a vehicle while under the influence of intoxicating liquor, in violation of N.D.C.C. § 39–08–01(1)(b). Knowels' arguments regarding the State's lack of evidence of blood-alcohol content and the arresting officer's denial of a breath test are unpersuasive. We conclude this case contains no reversible errors of law, and the verdict is supported by sufficient evidence. We affirm.

[¶ 10] GERALD W. VANDE WALLE, C.J., and MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.