2005 ND 63

**STATE of North Dakota, Plaintiff and Appellee**

v.

**James Dean KRULL, Defendant and Appellant.**

**No. 20040239.**

Supreme Court of North Dakota.

March 23, 2005.

H. Jean Delaney, Assistant State's Attorney, Valley City, ND, for plaintiff and appellee.

Phyllis A. Ratcliffe, Ratcliffe Law Office, Cooperstown, ND, for defendant and appellant.

VANDE WALLE, Chief Justice.

[¶ 1] James D. Krull appealed from a judgment of conviction after a jury trial for two counts of gross sexual imposition. Krull claims the district court erred in admitting various hearsay statements into evidence, and he argues the State failed to present sufficient evidence to warrant his conviction. We affirm Krull's conviction.

[¶ 2] A jury convicted Krull of two counts of gross sexual imposition stemming from his sexual contact with two young girls. Prior to trial, the State provided notice of its intent to introduce various hearsay statements to the jury. This hearsay evidence consisted of the girls' statements to their respective parents, the girls' separate statements to a deputy sheriff, and one girl's statements to a forensic interviewer and the other victim's parents. The State by motion sought to utilize N.D.R.Ev. 803(24), which allows for

the admissibility of a child's statement regarding sexual abuse if the court deems the statement sufficiently trustworthy. The trial court held a hearing on the matter. At this hearing, the State offered both live testimony and recorded interviews into evidence. The girls' parents and the deputy sheriff offered live testimony, while an audiotape of the deputy sheriff's separate interviews with each girl and a videotape of the forensic specialist's interview with one of the girls were received into evidence. The forensic interviewer did not testify at the motions hearing. Krull's attorney argued the time, content, and circumstances surrounding the statements indicated a lack of trustworthiness, but the trial court allowed the statements to be introduced before the jury. The trial court did not make any specific findings regarding admissibility but simply repeated the language of the applicable hearsay rule and ordered the statements admitted.

[¶ 3] At trial, the State called the two girls to testify. The defense proceeded to question the girls' veracity during cross-examination. Subsequently, the girls' previous hearsay statements were introduced to the jury. The defense did not object to the introduction of the hearsay statements, and, by stipulation of the parties, the defense actually offered into evidence the forensic interviewer's videotaped interviews with each of the girls. The State offered into evidence and played a videotaped interview of the defendant in which he implicated himself in these crimes. At the close of the State's case-in-chief, the defense moved for dismissal of the charges on the ground the State failed to prove its case beyond a reasonable doubt. The trial court viewed this as a motion for judgment of acquittal under N.D.R.Crim.P. 29(a) and denied the motion. The defense rested, and the jury thereafter returned its guilty verdicts.

## I.

[¶ 4] Krull argues the trial court erred in admitting the girls' hearsay statements under N.D.R.Ev. 803(24). Krull contends the procedural safeguards designed to ensure the reliability of the out-of-court statements and protect a defendant's right to confront the witnesses against him were not adhered to in this case. The defense notes the trial court did not make explicit findings as to why the admitted evidence bore sufficient indicia of reliability or particularized guarantees of trustworthiness and highlights many factors that could cut against such a finding.

[¶ 5] We question whether N.D.R.Ev. 803(24) is applicable to this situation in light of N.D.R.Ev. 801(d)(1)(ii), which excludes from the hearsay universe a declarant's prior consistent statements offered to rebut a charge of recent fabrication. At trial, the girls testified and were subject to cross-examination concerning not only their live statements, but also any prior out-of-court statements. Upon the defense calling the girls' veracity into question, it is plausible the State was allowed to introduce the girls' prior consistent statements to rebut the charge of recent fabrication. *See State v. Ramsey*, 2005 ND 42, ¶¶ 13–16, 692 N.W.2d 498; N.D.R.Ev. 801(d)(1)(ii). Nonetheless, we will analyze this case under N.D.R.Ev. 803(24), the sole evidentiary matter raised on appeal and adequately briefed by the parties. *Cf. Ramsey*, at ¶ 14 (noting N.D.R.Ev. 801(d)(1)(ii) was discussed as early as pretrial motions).

## A.

[¶ 6] Rule 103, N.D.R.Ev., states the following regarding rulings on evidentiary matters:

(a) Effect of Erroneous Ruling. Error may not be predicated upon a ruling

which admits or excludes evidence unless a substantial right of the party is affected, and

> (1) Objection. In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context.

However, "even if a defendant objects at the pretrial hearing on a N.D.R.Ev. 803(24) motion, failure to object at trial to testimony of a child victim's out-of-court statement regarding sexual abuse limits our inquiry to determining whether its admission into evidence constitutes obvious error affecting substantial rights under N.D.R.Crim.P. 52(b)." *State v. Hirschkorn,* 2002 ND 36, ¶ 6, 640 N.W.2d 439 (citing *State v. Wiest,* 2001 ND 150, ¶ 6, 632 N.W.2d 812). Even though Krull's attorney lodged an objection at the pretrial hearing, this objection was not reiterated or preserved at trial. Thus, we will proceed under an obvious-error methodology. *Ramsey,* at ¶ 12. To establish obvious error, the defendant has the burden of showing (1) error, (2) that is plain, and (3) that affects substantial rights. *State v. Miller,* 2001 ND 132, ¶ 25, 631 N.W.2d 587. To constitute plain error, there must be a clear deviation from an applicable legal rule under current law. *State v. Olander,* 1998 ND 50, ¶ 14, 575 N.W.2d 658. And, to affect the defendant's substantial rights, "a plain error must have been prejudicial, or have affected the outcome of the proceeding. Analyzing obvious error requires examination of the entire record and the probable effect of the alleged error in light of all the evidence." *Hirschkorn,* at ¶ 20 (internal citations omitted). "We cautiously exercise our power to notice obvious error only in exceptional situations in which a defendant has suffered serious injustice." *State v. Freed,* 1999 ND 185, ¶ 14, 599 N.W.2d 858.

[¶ 7] The applicable legal rule in this case is N.D.R.Ev. 803(24):

> Child's Statement About Sexual Abuse. An out-of-court statement by a child under the age of 12 years about sexual abuse of that child or witnessed by that child is admissible as evidence (when not otherwise admissible under another hearsay exception) if:
>
> > (a) The trial court finds, after hearing upon notice in advance of the trial of the sexual abuse issue, that the time, content, and circumstances of the statement provide sufficient guarantees of trustworthiness; and
> >
> > (b) The child either:
> >
> > (i) Testifies at the proceedings; or
> >
> > (ii) Is unavailable as a witness and there is corroborative evidence of the act which is the subject of the statement.

We apply the abuse of discretion standard of review to a trial court's evidentiary rulings under N.D.R.Ev. 803(24), and we will not reverse unless the trial court acted arbitrarily, capriciously, or unreasonably, or if it misinterpreted or misapplied the law. *State v. Messner,* 1998 ND 151, ¶ 13, 583 N.W.2d 109.

[¶ 8] This Court has previously explained the purpose behind, and application of, N.D.R.Ev. 803(24):

> Enactment of child-hearsay rules is intended to ensure that child abusers do not go free merely because the prosecutor is unable to obtain witnesses to the abuse other than the child, who is unable to testify about the abuse. While the child-hearsay rule permits the admission of otherwise inadmissible hearsay evidence in order to facilitate prosecution, the rule's requirements are also intended to safeguard the accused's right to confront the witnesses testifying against

him. The child-hearsay rule is intended to balance the interests of the accused and the interests of the truth-seeking process. Indicia of reliability and guarantees of trustworthiness are constitutionally required before admission of hearsay statements to preserve the Sixth Amendment's basic interest in requiring "confrontation," even though an accused cannot directly confront the hearsay declarant. Because of the importance of the accused's confrontation rights, the safeguards built into the child-hearsay rule must be strictly observed.

. . . .

Under N.D.R.Ev. 803(24)(a), the child's hearsay statements are not admissible unless the trial court finds that "the time, content, and circumstances of the statement provide sufficient guarantees of trustworthiness." Factors to consider include spontaneity and consistent repetition, the mental state of the declarant, the use of terminology unexpected of a child of similar age, and a lack of a motive to fabricate. A trial court must make explicit findings as to what evidence it relied upon regarding the factors and explain its reasons for either admitting or excluding the testimony so a defendant can be assured the required appraisal has been made, and so this Court can properly perform its appellate review function. Although written findings are preferred, duly recorded oral findings satisfy the requirements of the child-hearsay rule.

. . . .

A trial court must make an in-depth evaluation of the proposed testimony. A trial court should not ... merely quote the terms of the rule and order the testimony admitted, but should make specific findings of the facts relevant to reliability and trustworthiness and ex-plain how these facts support the conclusion of admissibility. ... [N]ondetailed findings might suffice when there is an adequate factual basis in the offer of proof to support the trial court's determination. ... Moreover, in reviewing a trial court's evidentiary ruling under N.D.R.Ev. 803(24), we are limited to reviewing the proponent's offer of proof made at the pretrial hearing and may not consider the entire evidence admitted during the trial to support the earlier ruling.

*State v. Hirschkorn*, 2002 ND 36, ¶¶ 11, 13, 18, 640 N.W.2d 439 (internal citations omitted).

B.

■ [¶ 9] The trial court abused its discretion and committed plain error in admitting the hearsay statements without making "specific findings of the facts relevant to reliability and trustworthiness" and by not explaining "how these facts support the conclusion of admissibility." *Hirschkorn*, at ¶ 18. Although *Hirschkorn* does reference a situation where "nondetailed findings might suffice when there is an adequate factual basis in the offer of proof to support the trial court's determination," here it was nonetheless plain error for the district court to disregard the more numerous and explicit terms of *Hirschkorn*, including the admonition against "merely quot[ing] the terms of the rule and order[ing] the testimony admitted." *Id.* While there is evidence in the record that supports the admissibility of these statements, it is by no means apparent or self-evident that admissibility is the only proper choice. This fact is precisely why detailed findings and explanations are so vital to ensuring the defendant's rights and a proper appellate review

■ [¶ 10] We believe the district court committed plain error, but we can-

not conclude this error affected the defendant's substantial rights. Even if the district court excluded the hearsay statements, we do not believe the ultimate outcome of the trial would have changed. Krull's substantial-rights argument largely mirrors this Court's reasoning in *Hirschkorn,* where we stated that "credibility was a crucial issue." *Id.* at ¶ 21. There, the child victim took the stand, but she could not remember anyone touching her inappropriately. *Id.* Thus, the victim's hearsay statements were the only way she directly implicated Hirschkorn. Here, both girls took the stand and proceeded to reiterate their allegations. The hearsay statements in this case merely served a corroborative role, rather than being of primary importance. Further, to the extent the girls' direct testimony contradicted their previous out-of-court statements, it seems reasonable to believe that, regardless of the district court's ruling at the pre-trial hearing, the defense would have introduced many of the hearsay statements for impeachment purposes. This fact partially negates any argument that the outcome of the trial would have been altered had the trial judge ruled differently. Finally, and perhaps most critical, is the existence of Krull's law-enforcement interview in which he implicates himself in these crimes. Krull presented no evidence to attempt to explain or blunt the impact of his own admissions. When we add the defendant's inculpatory and unrefuted statements to the girls' allegations in open court, we believe that a guilty verdict reasonably results. The inclusion or exclusion of the girls' hearsay statements does not alter this equation. Krull's argument that, in the absence of the trial court's negative ruling, his trial strategy might have been different or he might have taken the stand in his own defense is purely speculative and is not supported by any offer of proof contained in the record.

[¶ 11] We also emphasize that "[e]ven if the defendant meets the burden of establishing obvious error affecting substantial rights, the determination whether to correct the error lies within our discretion, and we will exercise that discretion only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at ¶ 22. Although the defendant cannot demonstrate an error affecting his substantial rights, we nonetheless note that a defendant's rights under the Confrontation Clause are not violated by the introduction of a child-victim's hearsay statements if the child takes the stand and is available for cross-examination regarding the prior statements. *California v. Green,* 399 U.S. 149, 157–64, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970); *State v. Messner,* 1998 ND 151, ¶¶ 9–11, 583 N.W.2d 109. Here, the girls took the stand and were subjected to extensive cross-examination regarding their prior statements. These facts counter any contention that Krull suffered a serious constitutional injustice warranting our rectification.

## II.

[¶ 12] Krull argues the district court erred in denying his motion for dismissal. Krull's argument challenges the sufficiency of the evidence to support his conviction. Krull believes the State failed to present sufficient evidence to warrant his conviction. Largely, Krull asserts the girls' testimony was so conflicting and contradictory that it was unworthy of any weight or credibility.

[¶ 13] "We treat [a] motion to dismiss as a motion for judgment of acquittal under Rule 29(a), N.D.R.Crim.P., and proceed to determine whether or not

the evidence ... was sufficient to sustain the judgment of conviction." *State v. Engebretson*, 326 N.W.2d 212, 214 (N.D.1982) (internal citation omitted); *see* N.D.R.Crim.P. 29(a) ("The court on motion of a defendant or of its own motion shall order the entry of judgment of acquittal of one or more offenses charged in the indictment, information, or complaint after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses.").

[¶ 14] In an appeal challenging the sufficiency of the evidence, this Court "look[s] only to the evidence most favorable to the verdict and the reasonable inferences therefrom to see if there is substantial evidence to warrant a conviction." *State v. Knowels*, 2003 ND 180, ¶ 6, 671 N.W.2d 816 (quoting *State v. Kunkel*, 548 N.W.2d 773, 773 (N.D.1996)). "A conviction rests upon insufficient evidence only when no rational fact finder could have found the defendant guilty beyond a reasonable doubt after viewing the evidence in a light most favorable to the prosecution and giving the prosecution the benefit of all inferences reasonably to be drawn in its favor." *Id.* This Court "will not weigh conflicting evidence, nor judge the credibility of witnesses." *State v. Klose*, 2003 ND 39, ¶ 19, 657 N.W.2d 276. The existence of conflicting testimony or other explanations of the evidence does not prevent the jury from reaching a conclusion the evidence is clear beyond a reasonable doubt. *State v. Charette*, 2004 ND 187, ¶ 7, 687 N.W.2d 484. "A jury may find a defendant guilty even though evidence exists which, if believed, could lead to a verdict of not guilty." *State v. Wilson*, 2004 ND 51, ¶ 9, 676 N.W.2d 98 (quoting *State v. Hatch*, 346 N.W.2d 268, 277 (N.D.1984)).

[¶ 15] Both girls took the stand and implicated Krull. The defense challenged the girls' credibility by raising questions regarding inconsistencies in their statements. The jury chose to believe the girls. We will not second-guess the jury's credibility determinations or weighing of the evidence. *Klose*, at ¶ 19. The defense also seems to ignore the existence of the law-enforcement interview in which Krull directly and repeatedly implicates himself in these crimes. At trial, Krull did not refute or explain his previous admissions. A defendant's inculpatory words are substantial evidence on which a rational jury can convict, particularly when such words are unrefuted.

[¶ 16] We affirm Krull's conviction.

[¶ 17] CAROL RONNING KAPSNER, and MARY MUEHLEN MARING, JJ., concur.

[¶ 18] The Honorable WILLIAM A. NEUMANN, a member of the Court when this case was heard, resigned effective March 14, 2005, and did not participate in this decision.

SANDSTROM, Justice, concurring in the result.

[¶ 19] Because the district court did not err in admitting evidence of the child witness's prior consistent statements, I concur in the result.

[¶ 20] The child witness's testimony at trial was consistent with the child's prior statements. The veracity of the child had been called into question. Under these circumstances, the evidence of the child's prior consistent statements is not hearsay in light of N.D.R.Ev. 801(d)(1)(ii):

A statement is not hearsay if:

(1) Prior Statement by Witness. The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is ... (ii) consistent with the declarant's testimony and is offered to

rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive. . . .

See *State v. Ramsey*, 2005 ND 42, ¶¶ 13–16, 692 N.W.2d 498.

[¶ 21]   If there had been an objection to the testimony at trial as to the child's prior consistent statements, the district court would presumably have overruled the objection, noting that the statements were not hearsay.   On appeal, the defendant argues N.D.R.Ev. 803(24), and the State failed to cite the controlling rule in response.   I am unwilling to say a district court, that in fact did not err at trial, "plainly erred" because the State failed to cite the correct rule on appeal.

[¶ 22]   Dale V. Sandstrom