# IN THE SUPREME COURT

# STATE OF NORTH DAKOTA

2019 ND215

State of North Dakota,                                                           Plaintiff and Appellee

v.

Kanakai Poulor,                                                           Defendant and Appellant

No. 20190017

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Douglas R. Herman, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Ryan J. Younggren, Assistant State's Attorney, Fargo, ND, for plaintiff and appellee.

Leah R. Carlson, Fargo, ND, for defendant and appellant.

**McEvers, Justice.**

[¶1]     Kanakai Poulor appeals from a criminal judgment entered after a jury found him guilty of gross sexual imposition.  We conclude the State did not violate the Confrontation Clause when it presented a video recorded forensic interview with the 8-year old minor complainant; the court did not abuse its discretion in admitting the complainant's out-of-court statements about sexual abuse into evidence; and sufficient evidence supports the conviction for gross sexual imposition.  We affirm.

I

[¶2]     On May 11, 2017, Poulor, a family friend of the complainant, had come to the family's home to visit and drink with the complainant's father and uncle in their garage.  Poulor went into the house several times to use the bathroom.  While inside the home, he was alleged to have put his hand between the complainant's legs inside her pants and her underwear.  The complainant testified that Poulor came into the house four times, touching her in this manner.  The complainant texted a message to her mother, who was at work, to "come home now."  The complainant disclosed to her mother what Poulor had done when her mother came home from work that evening. The complainant and her family members subsequently went to Poulor's house across the street and confronted him about the allegations.  The police were called.

[¶3]     Fargo Police Officer Jennifer Gustafson responded to the call from dispatch about a possible sexual assault.  The officer arrived on scene and interviewed the complainant, who told her Poulor had touched her inappropriately when he had come into the house.  On May 16, 2017, Jill Perez, a trained forensic interviewer, interviewed the complainant at the Red River Children's Advocacy Center ("CAC").  Detective Jason Skalicky, a Fargo Police Department investigator who had been

assigned the case, set up the forensic interview with the complainant at the CAC. Detective Skalicky viewed the interview live from a different room. In April 2018, the State charged Poulor with one count of gross sexual imposition under N.D.C.C. § 12.1-20-03(2)(a), a class A felony, alleging that Poulor had touched the complainant between her legs and inside her pants and underwear.

[¶4]   In August 2018, the district court held a three-day jury trial. The complainant, her parents, Officer Gustafson, Detective Skalicky, and a registered nurse who examined the complainant and was an expert pediatric sex assault examiner testified at trial. The court also received into evidence an audio recording of an interview with Poulor and a video recording of the complainant's interview at the CAC, both of which were played for the jury. Poulor testified in his own defense. The jury subsequently found Poulor guilty of gross sexual imposition.

II

[¶5]   Poulor argues his Sixth Amendment right to confrontation was violated when the district court admitted the video recording of the complainant's interview at the CAC into evidence because he did not have the opportunity to cross-examine the forensic interviewer Perez.

[¶6]   The Confrontation Clause of the Sixth Amendment to the United States Constitution, applicable to the states through the Fourteenth Amendment, declares: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. Our standard of review for a claimed violation of a constitutional right, including the right to confront an accuser, is de novo. *State v. Blue*, 2006 ND 134, ¶ 6, 717 N.W.2d 558. "Under *Crawford* [ *v. Washington*, 541 U.S. 36, 59 (2004)], the admission of out-of-court testimonial statements in criminal cases is precluded, unless the witness is unavailable to testify and the accused has had an opportunity to cross-examine the declarant." *Blue*, at ¶ 8.

2

[¶7]    This Court has concluded that a child's videotaped statement to a forensic interviewer was testimonial under *Crawford,* when there was no ongoing emergency and the videotaped interview's primary purpose was to establish or prove past events potentially relevant to a later criminal prosecution. *Blue*, 2006 ND 134, ¶¶ 16-18, 717 N.W.2d 558. We also explained, however, that "[i]f a defendant has an opportunity to cross-examine the witness at trial, the admission of testimonial statements would not violate the Confrontation Clause." *Id.* at ¶ 23. "The core constitutional problem is eliminated when there is confrontation." *Id.* (citing *Crawford*, 541 U.S. at 68-69).

[¶8]    In *State v. Muhle*, 2007 ND 131, ¶ 16, 737 N.W.2d 636, we further discussed our prior decisions in *Blue*, 2006 ND 134, 717 N.W.2d 558, and *State v. Sevigny*, 2006 ND 211, 722 N.W.2d 515, distinguishing the defendant's confrontation right when the child, whose out-of court statements were admitted at trial, had also testified:

> In *State v. Sevigny*, this Court addressed whether Sevigny's Sixth Amendment right of confrontation had been violated. *Sevigny*, 2006 ND 211, ¶ 28, 722 N.W.2d 515. We concluded that no violation had occurred because both children, whose out-of-court statements were admitted, testified at trial:
>
>> In *Blue*, 2006 ND 134, ¶ 7, 717 N.W.2d 558, we clarified when a witness testifying to a child's out-of-court statements about sexual abuse violates a defendant's constitutional right to confront his accuser. We held an out-of-court testimonial statement may not be admitted into evidence when the child is unavailable to testify unless the defendant has had an opportunity to cross-examine the child. *Id.* at ¶ 8. We also said,
>> *If a defendant has an opportunity to cross-examine the witness at trial, the admission of testimonial statements would not violate the Confrontation Clause. The core constitutional problem is eliminated when there is confrontation. Crawford makes clear that, "when the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements . . . ."*
>> *Id.* at ¶ 23 (citations omitted) (quoting *Crawford v. Washington*, 541 U.S. 36, 59-60 n. 9 (2004)). In this case, [both children] *testified at the trial and Sevigny had*

> *the opportunity to cross-examine both children. We conclude Sevigny's Sixth Amendment rights were not violated.*
>
> *Sevigny*, at ¶ 29 (emphasis added). The child in *State v. Blue* was available as a witness but did not testify, and the jury saw only a prior videotaped interview of the child. *Blue*, 2006 ND 134, ¶¶ 1, 8, 717 N.W.2d 558. This Court concluded the defendant's Sixth Amendment right of confrontation was violated. *Id.* at ¶ 32.

In both *Sevigny*, at ¶¶ 28-29, and *Muhle*, at ¶¶ 16-18, this Court held there had been no violation of the defendants' confrontation rights because the children were available and testified at the trial and the defendants had the opportunity to cross-examine them.

[¶9] Poulor argues the State violated the Confrontation Clause when it presented, under N.D.R.Ev. 803(24), "the substance of a testimonial forensic interview through the trial testimony of a lay witness[, Detective Skalicky,] who took no part in the recorded forensic interview, where defendant had no opportunity to confront the forensic interviewer[, Jill Perez,] who interviewed [the complainant]." Poulor argues at great length on appeal that the complainant's video recorded statement was testimonial in nature. The State does not contest that the complainant's interview was an out-of-court testimonial statement. Poulor further contends, however, that the introduction of the video recorded testimony violated his constitutional right to confrontation because Perez, as the forensic interviewer, was unavailable for cross-examination. He contends that if the forensic interview is introduced into evidence, a defendant must have an opportunity to cross-examine the forensic interviewer at trial, and he did not have an opportunity to cross-examine Perez at trial. His argument is unavailing.

[¶10] While Perez was the forensic interviewer, Poulor has not identified any testimonial statements from Perez during the interview that would be subject to his right of confrontation. Moreover, he did not raise any issue regarding Perez in the district court when the video recording was admitted into evidence and played for the jury. The State asserts that Perez, as the forensic interviewer, was not an eyewitness

4

to the crime, her questions to the complainant were not hearsay, and Perez asked the complainant questions that were not assertions regarding any fact at issue in the trial.

[¶11] In this case, the complainant was available and testified at the trial, and Poulor had the opportunity to cross-examine her as a witness. On this record, Poulor has not established a right to confrontation regarding Perez. Further, Poulor could have called Perez as a witness at trial. We therefore conclude Poulor's Sixth Amendment right to confrontation was not violated when the video recording of the complainant's interview was admitted into evidence.

III

[¶12] Poulor argues that the district court erred in overruling his objection to the introduction of the video recording of the forensic interview by Perez into evidence under N.D.R.Ev. 803(24).

[¶13] Rule 803(24), N.D.R.Ev., authorizes the admission of a child's statement about sexual abuse, regardless of whether the declarant is available as a witness, if there are sufficient grounds of trustworthiness:

> A statement by a child under the age of 12 years about sexual abuse of that child or witnessed by that child if:
> (A) the trial court finds, after hearing on notice in advance of the trial of the sexual abuse issue, that the time, content, and circumstances of the statement provide sufficient guarantees of trustworthiness; and
> (B) the child either:
> (i) testifies at the trial; or
> (ii) is unavailable as a witness and there is corroborative evidence of the act which is the subject of the statement.

[¶14] We have said the factors that the district court should consider for N.D.R.Ev. 803(24) trustworthiness include: (1) spontaneity and consistent repetition of the statements, (2) the mental state of the declarant, (3) use of terminology unexpected of a child of similar age, and (4) a lack of motive to fabricate. *Muhle*, 2007 ND 131, ¶ 12, 737 N.W.2d 636. "[This Court] reviews a district court's evidentiary ruling under an abuse-of-discretion standard." *Sevigny*, 2006 ND 211, ¶ 24, 722 N.W.2d 515. "A district court abuses its discretion when it acts arbitrarily, capriciously, or

unreasonably or if it misinterprets or misapplies the law." *Id.* (quotation marks omitted).

[¶15] Poulor argues that while the complainant's initial out-of-court statement about the sexual abuse was spontaneous, it lacked consistent repetition. He asserts that without testimony from the forensic interviewer, it was unclear whether the complainant's terminology was consistent with her age when describing the incident and parts of the human body to Perez. He also asserts there was no expert testimony regarding the type of terminology consistent for a child of similar age. He contends that because the time, content, and circumstances of the complainant's statements did not provide sufficient guarantees of trustworthiness, the district court abused its discretion in admitting the video.

[¶16] The State responds that the district court found the video recording had met the test for admission under N.D.R.Ev. 803(24). The State asserts the court repeatedly discussed the spontaneity, consistent repetition, age-appropriate language, and lack of motive to fabricate the complainant's statements to her mother, the police officer, and the forensic examiner. Moreover, after opening statements and before any testimony, the court and Poulor's counsel again addressed his objection to the video recording, at which time the court reiterated its earlier findings and made a weight versus admissibility analysis, stating the defense was free to use their arguments as a subject of cross-examination.

[¶17] Here, while the district court could have provided more detailed findings to explain its decision, the court adopted the State's offer of proof and conducted analysis of the nonexclusive factors for N.D.R.Ev. 804(24). Poulor was allowed to cross-examine the complainant and the State's witnesses regarding her statements and their trustworthiness. On this record, we conclude the court did not act arbitrarily, capriciously, or unreasonably and did not abuse its discretion by allowing into evidence the complainant's video recorded statement.

[¶18] While not specifically briefed on appeal, Poulor's counsel at oral argument on appeal argued that the district court failed to comply with N.D.R.Ev. 803(24) and the

6

procedure explained in *State v. Krull*, 2005 ND 63, 693 N.W.2d 631. In *Krull*, we discussed the procedure required for the application of N.D.R.Ev. 803(24):

> Enactment of child-hearsay rules is intended to ensure that child abusers do not go free merely because the prosecutor is unable to obtain witnesses to the abuse other than the child, who is unable to testify about the abuse. While the child-hearsay rule permits the admission of otherwise inadmissible hearsay evidence in order to facilitate prosecution, the rule's requirements are also intended to safeguard the accused's right to confront the witnesses testifying against him. The child-hearsay rule is intended to balance the interests of the accused and the interests of the truth-seeking process. Indicia of reliability and guarantees of trustworthiness are constitutionally required before admission of hearsay statements to preserve the Sixth Amendment's basic interest in requiring "confrontation," even though an accused cannot directly confront the hearsay declarant. Because of the importance of the accused's confrontation rights, the safeguards built into the child-hearsay rule must be strictly observed.
>
> . . . .
>
> Under N.D.R.Ev. 803(24)(a), the child's hearsay statements are not admissible unless the trial court finds that "the time, content, and circumstances of the statement provide sufficient guarantees of trustworthiness." Factors to consider include spontaneity and consistent repetition, the mental state of the declarant, the use of terminology unexpected of a child of similar age, and a lack of a motive to fabricate. A trial court must make explicit findings as to what evidence it relied upon regarding the factors and explain its reasons for either admitting or excluding the testimony so a defendant can be assured the required appraisal has been made, and so this Court can properly perform its appellate review function. Although written findings are preferred, duly recorded oral findings satisfy the requirements of the child-hearsay rule.
>
> . . . .
>
> A trial court must make an in-depth evaluation of the proposed testimony. A trial court should not . . . merely quote the terms of the rule and order the testimony admitted, but should make specific findings of the facts relevant to reliability and trustworthiness and explain how these facts support the conclusion of admissibility. . . . [N]ondetailed findings might suffice when there is an adequate factual basis in the offer of proof to support the trial court's determination . . . . Moreover, in reviewing a trial court's evidentiary ruling under N.D.R.Ev. 803(24), we are limited to reviewing the proponent's offer of proof made at the pretrial hearing and may not consider the entire evidence admitted during the trial to support the earlier ruling.

*Krull*, 2005 ND 63, ¶ 8, 693 N.W. 631 (quoting *State v. Hirschkorn*, 2002 ND 36, ¶¶ 11, 13, 18, 640 N.W.2d 439 (internal citations omitted)).

[¶19] We have said that a "party waives an issue by not providing supporting argument or citations to relevant authorities." *Vann v. Vann*, 2009 ND 118, ¶ 41, 767 N.W.2d 855. The district court did not hold an evidentiary pretrial hearing to address N.D.R.Ev. 803(24), but rather handled the issue immediately before and during trial. Further, while the court could have made more detailed findings, to the extent it would constitute obvious error, we hold Poulor has not shown on appeal how the ultimate outcome at trial would have changed. *See Krull*, 2005 ND 63, ¶ 6, 693 N.W.2d 631 ("To establish obvious error, the defendant has the burden of showing (1) error, (2) that is plain, and (3) that affects substantial rights. . . . [T]o affect the defendant's substantial rights, 'a plain error must have been prejudicial, or have affected the outcome of the proceeding.'").

[¶20] In *Krull*, 2005 ND 63, ¶¶ 9-11, 693 N.W.2d 631, we held that "[t]he trial court abused its discretion and committed plain error in admitting the hearsay statements without making 'specific findings of the facts relevant to reliability and trustworthiness' and by not explaining 'how these facts support the conclusion of admissibility.'" We concluded that while we "believe the district court committed plain error, . . . we cannot conclude this error affected the defendant's substantial rights." *Id.* at ¶ 10. We further held that "[e]ven if the district court excluded the hearsay statements, we do not believe the ultimate outcome of the trial would have changed." *Id.* In *Krull*, at ¶ 11, we concluded "the [victims] took the stand and were subjected to extensive cross-examination regarding their prior statements," which "counter[ed] any contention that Krull suffered a serious constitutional injustice warranting our rectification." *Id.*

[¶21] Regardless of whether this issue was sufficiently raised on appeal, we conclude that even if the district court committed plain error, Poulor has not established that the outcome at trial would have been changed. The complainant testified at trial and was subjected to cross-examination regarding her prior statements. As in *Krull*, on this

8

record, we do not believe Poulor suffered a serious constitutional injustice warranting our rectification.

IV

[¶22]  Poulor argues the evidence was insufficient to sustain the conviction of gross sexual imposition.

[¶23]  "This Court will reverse a conviction on the ground of insufficient evidence only if, after viewing the evidence and all reasonable inferences in the light most favorable to the verdict, no rational factfinder could have found the defendant guilty beyond a reasonable doubt." *Muhle*, 2007 ND 131, ¶ 32, 737 N.W.2d 636 (quoting *State v. Steen*, 2000 ND 152, ¶ 17, 615 N.W.2d 555).

[¶24]  On appeal, Poulor largely argues and highlights inconsistencies in the complainant's testimony at trial. He asserts that both he and the complainant's mother testified it was normal for Poulor to give the children hugs, but the complainant testified she did not give him any hugs that day, and usually did not give him hugs. He asserts the complainant had trouble articulating whether he touched her on the inside or outside of her underwear and, after prompting, testified that she thought on the inside. He also asserts that her account lacked detail and was not consistent in her statements. He contends he had been to the complainant's home "over 100 times" and nothing like this had previously been brought up. He also appears to suggests that the complainant's uncle's refusal to cooperate with the police investigation and his moving out of the family's home shortly after the complainant's allegations against Poulor also weighs against a finding of Poulor's guilt.

[¶25]  Here, the elements for gross sexual imposition were proven through the complainant's testimony, in addition to the other witnesses and evidence. Poulor's argument contending insufficient evidence essentially asks this Court to reweigh the trial testimony and find him more credible than the complainant. The jury, however, found the complainant more credible. Viewing the evidence and all reasonable inferences in the light most favorable to the jury's verdict, we conclude a rational

9

factfinder could have found him guilty beyond a reasonable doubt. On our review of the record, we conclude sufficient evidence supports the jury's verdict on appeal.

V

[¶26] The judgment is affirmed.

[¶27] Lisa Fair McEvers
Daniel J. Crothers
Jerod E. Tufte
Jon J. Jensen
Gerald W. VandeWalle, C.J.

10