# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2020 ND 160

State of North Dakota,                                Plaintiff and Appellee

     v.

Richard Earl Scott,                                Defendant and Appellant

No. 20190317

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable John W. Grinsteiner, Judge

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Julie A. Lawyer, State's Attorney, Bismarck, ND, for plaintiff and appellee.

Benjamin C. Pulkrabek, Mandan, ND, for defendant and appellant.

**McEvers, Justice.**

[¶1]  Richard Scott appeals from a criminal judgment entered after a jury found him guilty of solicitation of a minor and child neglect.  Scott argues the district court erred when it did not instruct the jury on the defense of double jeopardy.  He also argues the court erred when it did not conduct a hearing concerning the trustworthiness of the child-victim's out-of-court statements under N.D.R.Ev. 803(24).  We affirm.

I

[¶2]  The State charged Richard Scott with solicitation of a minor, indecent exposure, and child neglect.  The charges were based on allegations of inappropriate conduct Scott had with his then-girlfriend's eight-year-old daughter.  After the district court allowed Scott to withdraw his guilty plea, the case proceeded to trial.

[¶3]  Scott filed a motion in limine raising the defense of double jeopardy as to the child neglect charge.   Scott argued child neglect, as charged against him, is a lesser-included offense of terrorizing.  Scott had previously pled guilty to terrorizing in a different case for threatening the child's mother with a knife.  The district court denied Scott's motion, concluding double jeopardy did not apply as a matter of law because the crimes had different elements and different victims.

[¶4]  At the pretrial conference, Scott raised the issue of N.D.R.Ev. 803(24), which provides an exception to the rule against hearsay for statements made by a child regarding sexual abuse if the court finds the statements trustworthy.  Scott's counsel stated he intended to object to any hearsay statements made by the child because the court did not hold a hearing to determine whether such statements were trustworthy as required by the rule.  The State responded that it intended to call the child and did not plan on introducing hearsay.

[¶5]   At the trial, the child and her mother testified, as well as their neighbor, law enforcement officers, a social worker, and a child forensic interviewer.  The testimony recounted a number of instances where Scott was drunk and threatening.  During one incident, the child testified Scott crawled on top of her but she was able to get away.  During another incident, the child testified Scott asked if he could engage in a sexual act with her and then "pulled down his underwear and pants."  The social worker and the forensic interviewer both testified about their observations of the child during interviews.  The jury found Scott guilty of solicitation of a minor and child neglect and not guilty of indecent exposure.

## II

[¶6]   Scott raises issues on appeal concerning double jeopardy and N.D.R.Ev. 803(24).  Scott concedes these issues were not raised before the district court. Issues not raised before the district court are generally not reviewable on appeal absent obvious error under N.D.R.Crim.P. 52(b).  *State v. Craig*, 2020 ND 80, ¶ 5, 941 N.W.2d 539.  "To establish obvious error, a defendant must show (1) error, (2) that is plain, and (3) that affects substantial rights."  *State v. Blurton*, 2009 ND 144, ¶ 8, 770 N.W.2d 231.  "We cautiously exercise our power to notice obvious error only in exceptional situations in which a defendant has suffered serious injustice."  *State v. Freed*, 1999 ND 185, ¶ 14, 599 N.W.2d 858.

## A

[¶7]   Scott argues the district court erred when it did not inform him he could plead not guilty based on double jeopardy given his prior terrorizing conviction. Scott relies on N.D.C.C. § 29-16-01 for his theory that the court must inform him he could enter a plea of "once in jeopardy," rather than only advising him he could enter a plea of guilty or not guilty.

[¶8]   Section 29-16-01, N.D.C.C., provides:

> An issue of fact arises:
> 1.  Upon a plea of not guilty;
> 2.  Upon a plea of former conviction or acquittal of the same offense; or

3. Upon a plea of once in jeopardy.

[¶9]   Scott's reliance on N.D.C.C. § 29-16-01 is misplaced.  The statute makes no mention of any obligation by the district court to advise the defendant. Rather, it is the North Dakota Rules of Criminal Procedure that govern the practice and procedure in all criminal proceedings in district courts. N.D.R.Crim.P. 1(a).  These rules provide the scope of what the court must inform the defendant.  *See* N.D.R.Crim.P. 5(b) (listing what the magistrate must inform the defendant of at the initial appearance); *see also* N.D.R.Crim.P. 11(b) (listing what the court must inform the defendant of prior to accepting a guilty plea).  Scott's argument that the court has an obligation to advise him he could enter a plea of "once in jeopardy" is without merit.

B

[¶10]   Scott asserts he had a right "[t]o have a jury instructed about jeopardy and decide whether or not he was not guilty of [child neglect] because of jeopardy."  We disagree.  The doctrine of double jeopardy protects defendants from being tried or punished multiple times for the same crime.  *State v. Foster*, 484 N.W.2d 113, 115 (N.D. 1992).  Double jeopardy is only presentable to the jury when there is a question of fact.  *See State v. Kelly*, 2001 ND 135, ¶ 8, 631 N.W.2d 167.  In this case, the district court ruled double jeopardy did not apply as a matter of law because terrorizing is a different crime than child neglect. Because the crimes are distinct, Scott was not entitled to a jury instruction on double jeopardy.  *See State v. Virgo*, 14 N.D. 293, 103 N.W. 610, 611 (1905) (double jeopardy is not presentable to the jury when the offenses are distinct).

C

[¶11] Scott asserts the district court erred by allowing witnesses to testify about their observations of the child during forensic interviews because the court did not hold a hearing pursuant to N.D.R.Ev. 803(24).  Rule 803(24), N.D.R.Ev., provides an exception to the rule against hearsay for statements made by a child about sexual abuse the child experienced or witnessed.  *State v. Krull*, 2005 ND 63, ¶ 8, 693 N.W.2d 631.  The exception applies when the

3

court finds "the time, content, and circumstances of the statement provide sufficient guarantees of trustworthiness." *Id.* (quoting N.D.R.Ev. 803(24)(a)). Contrary to Scott's assertion, the plain language of N.D.R.Ev. 803(24) shows it does not apply to non-hearsay testimony.

### III

[¶12] Because the district court did not err, Scott has not established obvious error. We affirm the criminal judgment.

[¶13] Lisa Fair McEvers
Gerald W. VandeWalle
Jerod E. Tufte
Jon J. Jensen, C.J.
Daniel J. Crothers