# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2020 ND 78

State of North Dakota,  Plaintiff and Appellee

v.

Jeffrey Scott Krogstad,  Defendant and Appellant

No. 20190290

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable John A. Thelen, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Andrew C. Eyre, Assistant State's Attorney, Grand Forks, N.D., for plaintiff and appellee; submitted on brief.

Laura C. Ringsak, Bismarck, N.D., for defendant and appellant; submitted on brief.

**State v. Krogstad**
**No. 20190290**

**Tufte, Justice.**

[¶1]   Jeffrey Scott Krogstad appeals a criminal judgment entered after a jury found him guilty of gross sexual imposition. Krogstad argues admission of video of the victim's forensic interview violated his Sixth Amendment right to confrontation, the district court abused its discretion in admitting the video under N.D.R.Ev. 803(24), and there was insufficient evidence to sustain the guilty verdict. We affirm.

I

[¶2]   In July 2018, the State charged Krogstad with gross sexual imposition, alleging he engaged in a sexual act with a six-year-old victim. As part of the investigation, Susan Spivey conducted a forensic interview of the victim at the Red River Children's Advocacy Center. The interview was video-recorded. In the interview, the victim stated Krogstad took her "to the middle of nowhere" and touched her genitals with his hands. She also described watching what she called "girl on girl" pornography on Krogstad's phone. The victim also described and drew a picture of a blue vibrating "toy" she said Krogstad used on her genitals. The victim's drawing and description were similar to a vibrating massager officers found in Krogstad's van.

[¶3]   In January 2019, the State gave notice of its intent to introduce the video interview at trial. The district court held a hearing in March 2019 on whether to admit the video. Spivey testified that during the interview, the victim was "very spontaneous" and "very talkative." She noted the victim used terminology unexpected of a six-year-old child to describe pornographic videos shown to her by Krogstad. Spivey also testified that the victim's statements were consistent throughout the interview and that the victim did not appear to have been "coached." At the conclusion of the hearing, the State offered a DVD copy of the video for the court's consideration. On April 1, 2019, the district court issued an order allowing the State to offer the forensic interview video at trial.

[¶4] A three-day jury trial was held in April 2019. At trial, the forensic interview video was played for the jury. Following presentation of the video, the victim testified. The victim testified on direct examination that Krogstad had touched her, but she was minimally responsive during cross-examination. At the conclusion of the trial, the jury found Krogstad guilty.

II

[¶5] Krogstad argues admission of the forensic interview video violated his Sixth Amendment right to confront witnesses against him.

[¶6] The Confrontation Clause of the Sixth Amendment to the United States Constitution, applicable to the States through the Fourteenth Amendment, states: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. We review a claimed violation of a constitutional right, including the right to confront an accuser, de novo. *State v. Blue*, 2006 ND 134, ¶ 6, 717 N.W.2d 558.

[¶7] Under *Crawford v. Washington*, 541 U.S. 36, 59 (2004), the admission of out-of-court testimonial statements in criminal cases is precluded when the witness is unavailable to testify unless the accused has had an opportunity to cross-examine the declarant. *State v. Poulor*, 2019 ND 215, ¶ 8, 932 N.W.2d 534 (quoting *State v. Muhle*, 2007 ND 131, ¶ 16, 737 N.W.2d 636). The State concedes that the victim's statements during the forensic interview were testimonial under *Crawford*.

[¶8] While *Crawford* precludes admission of testimonial statements where the accused has not had the opportunity to cross-examine the declarant, we have said:

> If a defendant has an opportunity to cross-examine the witness at trial, the admission of testimonial statements would not violate the Confrontation Clause. The core constitutional problem is eliminated when there is confrontation. *Crawford* makes clear that, "when the declarant appears for cross- examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements. . . ."

2

*State v. Sevigny*, 2006 ND 211, ¶ 29, 722 N.W.2d 515 (quoting *State v. Blue*, 2006 ND 134, ¶ 23, 717 N.W.2d 558). In *Sevigny*, the child victims testified and were cross-examined, and this Court concluded that their cross-examination satisfied the defendant's right to confrontation. *Id.*

[¶9]   As in *Sevigny*, the victim here did testify and was subject to cross-examination. Krogstad argues he did not have an opportunity to cross-examine her because she was evasive in her answers and said she did not want to talk about the allegations. On cross-examination, Krogstad's counsel asked the victim numerous questions regarding places she had been and activities she had done with Krogstad. The victim replied affirmatively to several places she had been and activities she had done with Krogstad. To several of the questions she responded that she could not remember. Krogstad's counsel then probed why the victim did not want to talk about the allegations:

> Q. Okay. And you said you didn't want to talk about that.
>
> A. Yes.
>
> Q. Why don't you want to talk about that.
>
> A. 'Cause it makes me feel weird.
>
> Q. Okay. And we understand that it could do that for you, okay. So it's not that we're holding that against you or anything. We're just needing to know a little bit of information about that. Would you be able to talk about that?
>
> A. Only with people that I know.

Krogstad's counsel then asked the victim whether she knew anyone in the courtroom. After the victim identified those she knew in the courtroom, Krogstad's counsel asked only whether she liked going places with Krogstad before he discontinued questioning.

[¶10]  In *State v. Jenkins*, 326 N.W.2d 67, 71 (N.D. 1982), the defendant argued his Sixth Amendment right to confrontation was violated by "the failure of the victim to answer questions relating to the elements of the crime." This Court stated, "Although the responses given by the victim did not specifically answer

3

the questions asked by Jenkins, we do not believe those responses are a denial of the defendant's right to confront the witness. Rather, we believe those responses raised a credibility issue to be resolved by the trier of fact[.]" *Id.* Similarly, here, we conclude the victim's evasiveness on cross-examination raises questions about her credibility rather than a denial of Krogstad's ability to confront her. Because Krogstad had an opportunity to cross-examine the victim, we conclude admission of the video did not violate his Sixth Amendment right to confrontation.

## III

[¶11] Krogstad argues the district court abused its discretion in admitting video of the forensic interview under N.D.R.Ev. 803(24). We review a district court's evidentiary decisions for an abuse of discretion, and we will not reverse a decision unless it is arbitrary, capricious, or unreasonable, or a misinterpretation or misapplication of the law. *State v. Wegley*, 2008 ND 4, ¶ 12, 744 N.W.2d 284.

[¶12] An out-of-court statement offered to prove the truth of the matter asserted is hearsay. N.D.R.Ev. 801(c). Hearsay is not admissible unless permitted by statute, the rules of evidence, or other rules prescribed by this Court. N.D.R.Ev. 802. Rule 803(24), N.D.R.Ev., is an exception to the rule against hearsay, and provides:

> A statement by a child under the age of 12 years about sexual abuse of that child or witnessed by that child if:
>
> (A) the trial court finds, after hearing on notice in advance of the trial of the sexual abuse issue, that the time, content, and circumstances of the statement provide sufficient guarantees of trustworthiness; and
>
> (B) the child either:
>
>> (i) testifies at the trial; or
>
>> (ii) is unavailable as a witness and there is corroborative evidence of the act which is the subject of the statement.

4

[¶13] The victim in this case was under 12 years of age at the time she was interviewed. The State provided notice in advance of trial that it intended to introduce the forensic interview video. A hearing was held, and the district court found that the time, content, and circumstances of the victim's statement sufficiently guaranteed trustworthiness. Specifically, the district court cited the open-endedness of the questions and the victim's spontaneity, consistency, and use of terminology unexpected of a child of her age as reasons to believe the statements in the video interview were trustworthy. She also described and drew a picture of a blue "toy" that vibrated when Krogstad touched her with it. Officers found a vibrator in Krogstad's van similar to the victim's drawing and description. Additionally, the victim testified at trial and was available for cross-examination.

[¶14] The district court's order granting the State's motion to admit the forensic interview video complied with the procedural requirements of N.D.R.Ev. 803(24) and was not arbitrary, capricious, or unreasonable. We conclude the district court did not abuse its discretion, and we affirm its decision to admit the forensic interview video.

IV

[¶15] Krogstad argues there was insufficient evidence to sustain the verdict. In reviewing sufficiency of the evidence challenges, we review the record to determine whether there is sufficient evidence that could allow a jury to draw a reasonable inference in favor of the verdict. *State v. Truelove*, 2017 ND 283, ¶ 7, 904 N.W.2d 342. The defendant bears the burden of showing the evidence reveals no reasonable inference of guilt when viewed in the light most favorable to the verdict. *Id.* We do not reweigh conflicting evidence or judge the credibility of witnesses. *Id.*

[¶16] Krogstad's argument that the evidence was insufficient to convict relies on his other arguments that the forensic interview video was inadmissible. As stated above, we have concluded the district court did not err in admitting video of the forensic interview. We have reviewed the record and conclude it contains sufficient evidence to support a reasonable inference by the jury in favor of conviction.

V

[¶17] We affirm the criminal judgment.

[¶18]  Jerod E. Tufte
       Gerald V. VandeWalle
       Daniel J. Crothers
       Lisa Fair McEvers
       Jon J. Jensen, C.J.